■ CIBC BANK & TRUST COMPANY (CAYMAN) LIMITED, as Trustee of the EXPLORER FUND and the EMERGING MARKET CURRENCY FUND, Appellant, v CREDIT LYONNAIS, Respondent. [704 NYS2d 574] —Judgment, Supreme Court, New York County (Charles Ramos, J.), entered November 29, 1999, dismissing the complaint pursuant to an order, same court and Justice, also entered November 29, 1999, which granted defendant's motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, without costs. Appeal from the order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Although on a motion to dismiss for failure to state a cause of action the facts pleaded are presumed to be true and accorded every favorable inference, allegations consisting of bare legal conclusions, as well as factual claims that are contradicted by documentary evidence, are not entitled to such consideration (*see, Quatrochi v Citibank*, 210 AD2d 53). The IAS Court properly dismissed plaintiff's breach of contract claims since the documentary evidence showed that the exchange rate selected by defendant was in accordance with the parties'

contracts. The contracts, which incorporated by reference the definitions of an industry group, the International Swaps and Derivatives Association, or ISDA, specifically provided that, in the event of an inconsistency between the contracts and ISDA provisions and definitions, the former would control. Since defendant's selection of an exchange rate based on the "best rate" available to it was expressly authorized by the contracts, plaintiff cannot claim that defendant should have used an alternative "representative rate" suggested by the ISDA provisions. Nor is there merit to plaintiff's breach of fiduciary duty claim, which is flatly contradicted by the parties' contracts in which each represented to the other that "it is a sophisticated institutional investor" that "has acted in the capacity of an arm's-length contractual counterparty and not as [the other's] financial advisor or fiduciary" (*see, Ponte & Sons v American Fibers Intl.*, 222 AD2d 271). Concur—Rosenberger, J. P., Ellerin, Rubin and Friedman, JJ.