■ HSA Residential Mortgage Services of Texas, Inc., Appellant, v Stewart Title Guaranty Co. et al., Respondents, et al., Defendants. [776 NYS2d 791]—

Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered May 28, 2003, dismissing the complaint pursuant to an order which, in an action to recover funds that plaintiff lost in an alleged fraud perpetrated by a nonparty bankrupt corporation, granted motions by nine of the defendants-respondents to dismiss the complaint as against them for failure to state a cause of action, and order, same court and Justice, entered June 20, 2003, which similarly dismissed the complaint as against the two remaining defendants-respondents, unanimously affirmed, without costs.

Plaintiff's allegations that the title insurer defendants are responsible as principals for the master settlement agent's diversion of mortgage funds advanced by plaintiff is contradicted by the language of the underwriting agreements cited by plaintiff as illustrative of the supposedly expansive agency relationship (*see CIBC Bank & Trust Co. v Credit Lyonnais*, 270 AD2d 138 [2000]). Nor does plaintiff allege any words or conduct by the title insurers that could have caused plaintiff to believe that their function involved more than the issuance of title insurance policies, such as might warrant holding them responsible for the misappropriated mortgage funds under the doctrine of apparent authority (*see Countrywide Home Loans v LaFonte*, 2003 NY Slip Op 50571[U], *8 [2003]). We have considered and rejected plaintiff's other theories of recovery. Concur—Tom, J.P., Sullivan, Williams, Lerner and Gonzalez, JJ.