■ MEYERS ASSOCIATES, L.P., Appellant, v CONOLOG CORPORATION, Respondent. [878 NYS2d 304]—

Order, Supreme Court, New York County (Helen E. Freedman, J.), entered March 11, 2008, which, to the extent appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing claims for breach of contract and quantum meruit, and order, same court and Justice, entered

July 14, 2008, which, to the extent appealable, denied plaintiff's motion for renewal, unanimously affirmed, with one bill of costs.

The outline for proposed investment drafted by plaintiff summarized the terms by which defendant would issue and sell securities to potential investors in connection with a Regulation D offering (i.e., securities that are exempt from registration because they are sold by private placement rather than through a public offering), and gave plaintiff the right to procure purchasers and receive compensation in exchange for its services. This "Term Sheet" constituted nothing more than an agreement to agree, and not an enforceable agreement between the parties (*see Chatterjee Fund Mgt. v Dimensional Media Assoc.*, 260 AD2d 159 [1999]).

The breach of contract claim necessarily fails even were we to consider that the term sheet constituted a binding agreement between the parties, because the term sheet, by its own terms, expired on October 30, 2004. This was before defendant allegedly terminated the Regulation D offering in December of that year, and before any of defendant's securities were sold to investors (*see David Fanarof, Inc. v Dember Constr. Corp.*, 195 AD2d 346 [1993]). Plaintiff failed to establish that defendant had abandoned the Regulation D offering prior to the expiration of the term sheet or otherwise made an anticipatory breach of its obligations thereunder (*see IDT Corp. v Tyco Group, S.A.R.L.*, 54 AD3d 273 [2008]).

Plaintiff's claim for recovery in quantum meruit is barred by the statute of frauds (General Obligations Law § 5-701 [a] [10]). Furthermore, while a party may assert causes of action in both breach of contract and quasi contract where there is a bona fide dispute as to whether the contract exists or covers the dispute, or where one party has wrongfully prevented the other from performing thereunder, none of those exceptions is applicable in the instant situation.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Friedman, J.P., Sweeny, Catterson and Renwick, JJ. [*See* 19 Misc 3d 1104(A), 2008 NY Slip Op 50552(U).]