[892 NYS2d 37]

Asher B. Edelman et al., Appellants, v Starwood Capital Group, LLC, et al., Respondents.

First Department, December 15, 2009

**APPEARANCES OF COUNSEL**

*Meier Franzino & Scher, LLP*, New York City (*Frank J. Franzino, Jr.* and *Davida S. Scher* of counsel), for appellants.

*Dechert LLP*, New York City (*Steven B. Feirson* of the State of Pennsylvania bar admitted pro hac vice, *Michael J. Gilbert* and *James S. Buino* of counsel), for Starwood Capital Group, LLC and others, respondents.

*Cahill Gordon & Reindel LLP*, New York City (*Andrea R. Butler, Charles A. Gilman* and *Ilana Ehrlich* of counsel), for Starwood Hotels & Resorts Worldwide, Inc., respondent.

**OPINION OF THE COURT**

Freedman, J.

This action arises from the unsuccessful attempt in 1999 by plaintiff Asher B. Edelman, an investor and financier, to acquire the French company Société du Louvre (SDL), whose primary assets included hotel chains, real estate, and luxury goods busi-

nesses. Edelman avers that he conducted extensive research to identify SDL as a company whose restructuring would benefit its shareholders. Defendant Starwood Capital succeeded in acquiring SDL in 2005, and plaintiffs' central claim is that defendants wrongfully obtained and profited from information about SDL that Edelman had compiled and from his strategic plan to acquire the company through a tender offer and then realize a profit by selling off some of its holdings while retaining and restructuring others.

The amended complaint asserts claims for unfair competition, improper use of proprietary information, and unjust enrichment. The motion court granted defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint in its entirety for failure to state a cause of action, and we affirm.

The amended complaint alleges that in 1997, Edelman and his associates began researching and analyzing the finances, ownership structure and business operations of SDL. After concluding that the value of SDL's underlying assets exceeded the company's total stock price, on or about September 1999, Edelman retained ODDO et Cie, a French company, to arrange financing for a tender offer for SDL and obtain a business partner for SDL's hotel business, which Edelman intended to retain after the acquisition. Edelman and ODDO executed a written contract with a provision under which ODDO acknowledged "the need for confidentiality," and Edelman allegedly orally instructed ODDO to mark any documents given to a potential business partner as "confidential." On Edelman's behalf, ODDO solicited defendant Starwood Resorts as a potential hotel business partner. Through ODDO, acting as Edelman's agent, Edelman allegedly insisted, and Starwood Resorts allegedly orally agreed, that it would keep the proprietary information and the business plan that Edelman provided confidential and review them solely to determine whether it would join Edelman as a partner for the SDL acquisition. After reviewing the research and plan, Starwood Resorts declined to join the venture.

The complaint further alleges that Edelman abandoned his plan to acquire SDL after he was thwarted repeatedly by the prominent Taittinger family, which directly and indirectly controlled SDL. In 2005, however, the Taittinger family sold their holdings in SDL at public auction. The successful bidder was Starwood Capital, which created defendant Star GT Acquisition as a corporate vehicle for purchasing the assets. At that time,

Edelman did not bid at the auction or otherwise seek to acquire SDL.

Plaintiffs allege that Starwood Capital's postacquisition plans for SDL, which it submitted both to the press and to SDL's shareholders, matched Edelman's strategic business plan from 1999. Plaintiffs claim that Starwood Resorts improperly shared the proprietary information and plan that ODDO had divulged to it with Starwood Capital, which used them to its business advantage.

■ As a threshold matter, plaintiffs' appeal from the dismissal of their unfair competition claim is not before this Court because they did not address the issue in their brief (*see McHale v Anthony*, 41 AD3d 265, 266-267 [2007]). In any event, plaintiffs failed to plead the required element of the claim that the parties be in competition for commercial benefit (*see Capitol Records, Inc. v Naxos of Am., Inc.*, 4 NY3d 540, 563 [2005]). Since plaintiffs concededly abandoned their attempt to acquire SDL before Starwood Capital completed the transaction, they were not competing.

■ The claim for misappropriation of proprietary information falls short because plaintiffs did not allege that Edelman took sufficient precautionary measures to insure that the information remained secret, particularly after they abandoned the acquisition plan (*see Ashland Mgt. v Janien*, 82 NY2d 395, 407 [1993]). Edelman did not obtain a written confidentiality agreement with Starwood Resorts, as would ordinarily be expected to insure continued secrecy. The "confidential" stamp on the documents submitted to a third party was, by itself, inadequate under the circumstances (*see Precision Concepts v Bonsanti*, 172 AD2d 737, 738 [1991]). Moreover, the oral assurance of confidentiality that ODDO allegedly exacted was unenforceable, particularly after six years (*see Meyers Assoc., L.P. v Conolog Corp.*, 19 Misc 3d 1104[A], 2008 NY Slip Op 50552[U] [2008], *affd* 61 AD3d 547 [2009]).

Finally, in their claim for unjust enrichment, plaintiffs allege that defendants wrongfully benefited from Starwood Capital's use of the information and plan that plaintiffs had developed "at substantial costs to them for their own purposes," and demand that defendants disgorge the profit from the SDL transaction and pay it to plaintiffs. The motion court dismissed that claim on the ground that plaintiffs do not claim Starwood Resorts used and benefited from the plan, and plaintiffs also admit that they lacked any relationship with Starwood Capital

and Star GT Acquisition. On appeal, plaintiffs argue that it was premature to dismiss the claim without first affording them disclosure as to whether Starwood Capital is the alter ego of Starwood Resorts, with which Edelman shared the information and plan allegedly in confidence. But even if the relationship between plaintiffs and Starwood Capital is assumed to be close enough to support a finding of something akin to privity, the unjust enrichment claim fails for different reasons.

An action to recover for unjust enrichment sounds in restitution or quasi-contract (*Waldman v Englishtown Sportswear*, 92 AD2d 833, 836 [1983]). The claim "rests upon the equitable principle that a person shall not be allowed to enrich himself unjustly *at the expense of another*" (*Miller v Schloss*, 218 NY 400, 407 [1916] [emphasis added]; *Flag Wharf, Inc. v Merrill Lynch Capital Corp.*, 40 AD3d 506 [2007]). Moreover, "[t]he general rule is that 'the plaintiff *must have suffered a loss* and an action not based upon loss is not restitutionary' " (*State of New York v Barclays Bank of N.Y.*, 76 NY2d 533, 540 [1990], quoting Restatement of Restitution § 128, Comment *f*, at 531).

■ Edelman's ability to profit from his plan was contingent upon his acquisition of SDL. However, he abandoned his attempt to acquire the company long before it was put up for public auction in 2005 and acquired by Starwood Capital. Plaintiffs do not claim that defendants thwarted Edelman's efforts to acquire SDL, but instead blame the Taittinger family. Nor do they claim that defendants' use of the information and plan in 2005 kept them from using it themselves and participating in the auction. In short, the alleged benefit to defendants of using the proprietary information and plan did not come at plaintiffs' expense, and plaintiffs did not suffer any loss in connection with that use for which restitution is an appropriate remedy.

The cases that plaintiffs rely upon are distinguishable. In *Chestnut Hill Partners, LLC v Van Raalte* (45 AD3d 434 [2007]), the plaintiff entered into an agreement with a leveraged buyout firm under which it would receive a finder's fee for locating a target company for acquisition, in the event that the acquisition was consummated. Although the plaintiff identified a target company, the buyout firm did not complete the transaction. Thereafter, four of its employees left to form a new company that then acquired the target. Asserting a claim for unjust enrichment, the plaintiff alleged that, while still at the buyout firm, the former employees had obtained confidential information from the plaintiff about the target company and used it to

consummate the deal. This Court found that the defendants benefited at the plaintiff's expense because the latter would have received the finder's fee if the buyout firm had acquired the target. We also pointed out, as further evidence of the validity of the unjust enrichment claim, that the employees' company voluntarily paid the plaintiff $75,000 after it had acquired the target.

In *Meyers Assoc., L.P. v Conolog Corp.* (19 Misc 3d 1104[A], 2008 NY Slip Op 50552[U] [2008], *affd* 61 AD3d 547 [2009], *supra*), a provider of investment banking services had documents prepared at its expense in connection with a proposed "Regulation D" securities offering by a corporate client. Thereafter, the client informed the plaintiff that it was deferring the Regulation D offering and instead was pursuing a "Regulation S" offering with another investment banker. The plaintiff alleged that the client used the draft documents that the plaintiff had provided for the Regulation D offering as the basis for the Regulation S offering documents, and asserted a claim for unjust enrichment. The court found that since the client was alleged to have caused the Regulation D offering to be abandoned, a benefit at the plaintiff's expense was sufficiently alleged to support a claim.

However, here plaintiffs abandoned their efforts to acquire SDL some six years before defendants allegedly used the information and plan that Edelman provided. Even if it is assumed that Starwood Capital's and Starwood Resorts' relationship was sufficiently close to impute the knowledge that Starwood Resorts obtained in 1999 to Starwood Capital, a cause of action has not been stated because plaintiffs fail to allege that defendants profited at their expense and that they suffered a cognizable loss.

Accordingly, the order of Supreme Court, New York County (Eileen Bransten, J.), entered July 3, 2008, which granted defendants' motion to dismiss the amended complaint, should be affirmed, with costs.

SAXE, J.P., NARDELLI, BUCKLEY and ACOSTA, JJ., concur.

Order, Supreme Court, New York County, entered July 3, 2008, affirmed, with costs.