■ JOHN BRUMMER, Appellant-Respondent, v RED RABBIT, LLC, et al., Respondents-Appellants. [7 NYS3d 92]—

Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered on or about July 28, 2014, which granted defendants' motion for summary judgment dismissing the complaint and plaintiff's cross motion for summary judgment dismissing the counterclaim, unanimously affirmed, without costs.

The complaint alleges that defendant Rhys Powell was a patient of plaintiff John Brummer, a podiatrist. In 2005, Powell formed defendant Red Rabbit, LLC to provide healthy lunches to New York City preschools. Powell used his own funds and those of other investors, including a total of $25,000 from Brummer at the inception of the business, giving Brummer a 7% interest.

In the summer of 2010, Powell approached Brummer and offered him $40,000 for 6% of the company (leaving Brummer with 1%), but without disclosing that he had been in negotiations for a large investment in Red Rabbit by two investors. Powell allegedly based his valuation of Brummer's interest on

a percentage of Red Rabbit's average income for the past year and the next year as projected, and, in September 2010, Brummer accepted the $40,000.

The evidence of plaintiff's long-held desire to sell back his interest in defendant Red Rabbit, LLC demonstrates that the alleged false representations regarding the company's value and alleged concealment of impending investments from additional investors were neither relied upon nor material to plaintiff's decision to sell. Accordingly, dismissal of both the fraud and breach of fiduciary duty claims was warranted (*see generally Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]). Absent an allegation of actual loss by plaintiff, his unjust enrichment claim is also deficient (*see Edelman v Starwood Capital Group, LLC*, 70 AD3d 246, 250-251 [1st Dept 2009], *lv denied* 14 NY3d 706 [2010]).

The counterclaim failed to allege the breach of any duty found in defendant Red Rabbit's operating agreement. Accordingly, it was properly dismissed. Concur—Friedman, J.P., Acosta, Moskowitz, Richter and Kapnick, JJ.