■ SANFORD GOLDFARB, Appellant, v RICHARD SCHAEFFER et al., Respondents. [22 NYS3d 445]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered October 7, 2014, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the first and second causes of action in the complaint, unanimously affirmed, without costs.

The complaint alleges that plaintiff "was responsible for introducing [defendant Richard] Schaeffer to [nonparty] LIQD," that plaintiff "found the opportunity for Schaeffer," that "[t]hrough [plaintiff]'s connections, Schaeffer was introduced to [nonparty Brian] Ferdinand," the cofounder of LIQD, and that "[a]s payment for [plaintiff]'s role in introducing him to Ferdinand and LIQD, Schaeffer promised to pay to [plaintiff] an amount equal to 20% of any equity that he received from LIQD." The complaint also alleges that plaintiff introduced LIQD and Schaeffer to customers and investors.

Reading the complaint liberally, as we must, we find that the motion court correctly determined that the breach of contract claim is barred by the statute of frauds, because the alleged oral contract between Schaeffer and plaintiff was not in writing (see e.g. Freedman v Chemical Constr. Corp., 43 NY2d 260, 267 [1977]). The complaint alleges an agreement to pay compensation for services plaintiff rendered to Schaeffer in "negotiating . . . a business opportunity," which squarely falls within the statute of frauds (General Obligations Law § 5-701 [a] [10]; see Freedman, 43 NY2d at 267; see also Meyers Assoc., L.P. v Conolog Corp., 19 Misc 3d 1104[A], 2008 NY Slip Op 50552[U], *3 [Sup Ct, NY County 2008], affd 61 AD3d 547 [1st Dept 2009]).

The "narrow" cofinder exception to the statute of frauds does not apply here, because the complaint does not allege that plaintiff and Schaeffer were joint brokers or joint finders for LIQD (Haskins v Loeb Rhoades & Co., 52 NY2d 523, 525 [1981]). There is no fair reading of the complaint that plaintiff

and Schaeffer decided to "pool their efforts" in providing services to LIQD (*Dura v Walker, Hart & Co.*, 27 NY2d 346, 350 [1971]). To the contrary, the complaint alleges that plaintiff's services were provided to Schaeffer, not LIQD. Nor is there any allegation in the complaint that Schaeffer agreed to perform any services for LIQD, or what fees Schaeffer would supposedly earn from LIQD for any such services. Concur— Tom, J.P., Sweeny, Richter and Manzanet-Daniels, JJ.