■ LA CANDELARIA EAST HARLEM COMMUNITY CENTER, INC., Appellant, et al., Plaintiff, v FIRST AMERICAN TITLE INSURANCE COMPANY OF NEW YORK, Respondent. [46 NYS3d 14]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered May 16, 2016, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

There is no triable issue of fact as to whether nonparty Triad Abstract Ltd. had actual authority to enter into an escrow agreement with plaintiff-appellant which had nothing to do with the clearance of a title defect (*see generally Standard Funding Corp. v Lewitt*, 89 NY2d 546, 550 [1997] ["Lewitt was expressly authorized only to issue insurance policies and to receive and collect premiums; nothing in the agency agreement authorized Lewitt to negotiate or enter into premium financing agreements"]; *HSA Residential Mtge. Servs. of Tex., Inc. v Stewart Tit. Guar. Co.*, 7 AD3d 426, 427 [1st Dept 2004], *lv denied* 3 NY3d 607 [2004]). Contrary to plaintiff's contention, an escrow to comply with a court order regarding a nonprofit's disposition of the proceeds it receives from a sale of property is not title-related (*see generally Voorheesville Rod & Gun Club v Tompkins Co.*, 82 NY2d 564, 571 [1993]).

There is no triable issue of fact as to whether defendant ratified the escrow agreement that purports to be by Triad as authorized agent of defendant. Defendant submitted evidence that the woman to whom plaintiff's employee spoke was not authorized to bind it to a transaction such as an escrow agreement. Plaintiff submitted no proof to the contrary; indeed, it did not even try to contact defendant's former employee.

It is true that "ratification may be implied where the principal retains the benefit of an unauthorized transaction with knowledge of the material facts" (*Standard Funding*, 89 NY2d at 552; *see Matter of New York State Med. Transporters Assn. v Perales*, 77 NY2d 126, 131 [1990]). However, defendant submitted evidence that it received no benefits from the unauthorized escrow agreement. Plaintiff's contention that defendant benefited because, without the agreement, the transaction would not have closed and defendant would not have received premiums from the buyer of the property, is unavailing. The plain language of the court order authorizing plaintiff to sell the property shows that the escrow was not a precondition to closing.

Since plaintiff failed to brief apparent authority, that issue is

not before us (*see e.g. Edelman v Starwood Capital Group, LLC*, 70 AD3d 246, 249 [1st Dept 2009], *lv denied* 14 NY3d 706 [2010]). Concur—Tom, J.P., Richter, Gische and Gesmer, JJ.