Black v Phoenix Cayman Ltd. (2025 NY Slip Op 00147)

Black v Phoenix Cayman Ltd.

2025 NY Slip Op 00147

Decided on January 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 09, 2025

Before: Moulton, J.P., Kapnick, Scarpulla, Mendez, O'Neill Levy, JJ. 

Index No. 652460/20 Appeal No. 3440 Case No. 2023-06578 

[*1]Andrew Black et al., Plaintiffs-Respondents-Appellants,
v
Phoenix Cayman Ltd. et al., Defendants-Appellants-Respondents, Raja Visweswaran, Defendant.

Morvillo Abramowitz Grand Iason & Anello P.C., New York (Christopher B. Harwood of counsel, for appellants-respondents.
Saul Ewing LLP and Rachael Kierych, New York (Rachael Kierych of counsel), for respondents-appellants.

Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered October 30, 2023, which denied plaintiffs' motion for partial summary judgment on their third, fifth, and eleventh causes of action and denied defendants' cross-motion for partial summary judgment dismissing the first, sixth, seventh, eighth, ninth, and eleventh causes of action in full and dismissing the second, third, and fifth causes of action in part, unanimously modified, on the law, and defendants' motion granted in part and, upon a search of the record, the first, second and fifth through ninth causes of action dismissed in their entirety and the third cause of action dismissed insofar as based on the alleged nonpayment of incentive/subordinate management fees, and otherwise affirmed, without costs.
This action was brought by several limited partners derivatively on behalf of Phoenix Holdco Ltd. (the Partnership) based on their dissatisfaction with the then-General Partner of the Partnership, Phoenix Cayman Ltd. (Phoenix Cayman), and with Vishal Garg, who was one of two directors of the Partnership, of Phoenix Cayman, and of the Partnership's wholly-owned subsidiaries — nonparties Phoenix Real Estate Solutions Ltd. (PRES) and Phoenix Structured Credit Investco Ltd. (PSCI).
The first cause of action for fraud should be dismissed as time-barred. This claim was not asserted within six years of its accrual in 2011, and we find that it was also not asserted within two years of the time when plaintiffs could with reasonable diligence have discovered it (see generally CPLR 213[8]; Aozora Bank, Ltd. v Deutsche Bank Sec. Inc., 137 AD3d 685, 689 [1st Dept 2016]). Plaintiffs stopped receiving regular monthly distributions in November 2014 and stopped receiving financial statements in September 2015. Although they made repeated inquiries about these issues in 2015 and 2016, it is undisputed that the responses received were "unsatisfactory." Further, plaintiffs' receipt of information about Garg's alleged malfeasance from a former business partner (Raza Khan) in April 2017 put plaintiffs on inquiry notice of its fraud claim.
Plaintiffs' reliance on the doctrine of equitable estoppel to save their fraud claim is unavailing (see generally Zumpano v Quinn, 6 NY3d 666, 673-674 [2006]). Even if there was affirmative wrongdoing by Garg, it predated plaintiffs' communication with Khan. That communication should have prompted further investigation (see MBI Intl. Holdings Inc. v Barclays Bank PLC, 151 AD3d 108, 117 [1st Dept 2017], lv denied 29 NY3d 919 [2017]).
The court should have also dismissed the claims related to the purchase of nonparty ICP Asset Management (ICPAM) by defendant Triaxx Holdco, LLC (Triaxx Holdco) (the sixth through ninth causes of action for conversion, unjust enrichment, and tortious interference against Garg, Nicholas Calamari, and Triaxx Holdco and for breach of fiduciary duty against Calamari). These claims, as alleged — with the possible exception of the breach [*2]of fiduciary claim — are explicitly based on defendants' alleged usurpation of PSCI's option to purchase ICPAM outright. There was no such option, but only an option to purchase the "rights to direct the day to day management of ICPAM." Even if not so limited, the breach of fiduciary duty claim also fails for lack of an "identifiable loss" (Gibbs v Breed, Abbott & Morgan, 271 AD2d 180, 189 [1st Dept 2000]). Although Triaxx Holdco undisputedly purchased ICPAM, there is no evidence that it profited from this purchase, that plaintiffs lost profits because of the purchase, or that it would not have been willing to sell PSCI the right to control the day-to-day management of ICPAM. For the same reason, there is no evidence of identifiable loss resulting from Triaxx Holdco's purchase of ICPAM, as is necessary for all of the ICPAM-related claims (see Nostalgic Partners, LLC v New York Yankees Partnership, 205 AD3d 426, 428 [1st Dept 2022] [tortious interference]; Core Dev. Group LLC v Spaho, 199 AD3d 447, 448 [1st Dept 2021] [conversion]; Brummer v Red Rabbit, LLC, 127 AD3d 438, 439 [1st Dept 2015] [unjust enrichment]; Gibbs, 271 AD2d at 189 [breach of fiduciary duty]).
The parties agree that dismissal of the third cause of action for breach of contract and fifth cause of action for conversion is appropriate insofar as these claims are based on the alleged conversion of so-called incentive/subordinate management fees. Plaintiffs also do not dispute that dismissal of the conversion claim is appropriate as to Triaxx Holdco because there is no evidence that it wrongfully received Partnership funds.
Dismissal of the conversion claim is also proper insofar as it is based on any alleged acts of conversion occurring prior to June 12, 2017 — i.e., three years before the complaint was filed (see CPLR 214[3]; Maya NY, LLC v Hagler, 106 AD3d 583, 585 [1st Dept 2013]). Plaintiffs' equitable estoppel argument to save this claim fails for the reasons stated above. As a result, the conversion claim is time-barred in its entirety as against Calamari because the only payments plaintiffs claim Calamari received were made in October 2016 and January 2017. The conversion claim is also time-barred in its entirety as against 1/0 Capital LLC and 1/0 Holdco LLC, which were not added as defendants until January 2022 and which undisputedly did not receive any fees within the three prior years. The claims against these entities may not properly relate back to the date of the original complaint because plaintiffs were aware of these entities' involvement when the original complaint was filed (see Goldberg v Boatmax://, Inc., 41 AD3d 255, 256 [1st Dept 2007]).
We find, upon a search of the record, that dismissal of the remainder of the conversion claim is also warranted because plaintiffs did not have a possessory right to the subject funds sufficient to sustain a conversion claim. Plaintiffs never had title, possession, or control of the funds and, while they may have had a contractual [*3]right thereto, "the mere right to payment cannot be the basis for a cause of action alleging conversion since the essence of a conversion cause of action is the 'unauthorized dominion over the thing in question'" (Daub v Future Tech Enter., Inc., 65 AD3d 1004, 1006 [2d Dept 2009], quoting Fiorenti v Central Emergency Physicians, 305 AD2d 453, 455 [2d Dept 2003]).
The second cause of action for violation of Cayman Islands law is properly dismissed insofar as it is based on the alleged conversion of PSCI's ownership interest in ICPAM, for the reasons stated above and because Phoenix Cayman, against whom this claim is asserted, did not purchase ICPAM. This claim is also properly dismissed insofar as it is based on the alleged failure to produce books and records because the motion court previously found the related specific performance claim (fourth cause of action) to be moot on the ground that the records have been provided. That holding is law of the case.
The court properly denied summary judgment to any party on the eleventh cause of action for corporate waste and mismanagement (see generally Aronoff v Albanese, 85 AD2d 3, 4-5 [2d Dept 1982]). There are issues of fact as to whether the millions of dollars Garg and former defendant Raja Visweswaran were paid for directorial services, distributions, and bonuses was excessive — especially in view of the parties' disagreement as to the level of Visweswaran's involvement post-2015 and overlap with the work purportedly performed by third-party service providers associated with Garg. There is also an issue of fact as to whether Garg's use of $610,758.53 to pay his personal lawyers in a separate litigation brought against him by Khan was reasonable.
Further, the court properly denied plaintiffs summary judgment on the breach of contract claim. While plaintiffs did not receive monthly distributions after November 2014, as contemplated in § 5.1 of the Limited Partnership Agreement, the parties dispute how much, if any, of the revenue the Partnership took in after November 2014 constituted "Available Cash" subject to distribution.
In view of the foregoing, we need not reach the parties' arguments with respect to the existence of misrepresentations and justifiable reliance in connection with the fraud
claim or the merits of the conversion, tortious interference, or breach of fiduciary duty claims as against Calamari specifically.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 9, 2025