Best Work Holdings (N.Y.), LLC v Jia (Ivy) Ma (2025 NY Slip Op 07334)

Best Work Holdings (N.Y.), LLC v Jia (Ivy) Ma

2025 NY Slip Op 07334

Decided on December 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 30, 2025

Before: Moulton, J.P., Scarpulla, Rosado, O'Neill Levy, Chan, JJ. 

Index No. 654826/22|Appeal No. 5463|Case No. 2024-03146|

[*1]Best Work Holdings (New York), LLC, Plaintiff-Respondent,
vJia (Ivy) Ma, Defendant, Yun (Tommy) Li, Defendant-Appellant.

Kevin Kerveng Tung, P.C., Flushing (Ge Li of counsel), for appellant.
Balance Law Firm, New York (Beixiao Robert Liu of counsel), for respondent.

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered April 11, 2024, which granted plaintiff's motion to dismiss defendant Yun (Tommy) Li's counterclaims, unanimously reversed, on the law, without costs, the motion denied, and the counterclaims reinstated.
The allegations supporting the counterclaims were sufficient to apprise the parties and the court of the matters in controversy so as to survive dismissal under CPLR 3211(a)(7) (see Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]; Foley v D'Agostino, 21 AD2d 60, 64-66 [1st Dept 1964]). In his amended counterclaim for promissory estoppel, Li alleged that in 2021, the head of assets management for plaintiff's parent corporation promised him, on behalf of plaintiff, that if Li performed preparation work for the renovation of plaintiff's building by setting up portions of a worksite for contractors, he would be reimbursed the costs for material, labor, equipment, and services. Li further alleged that he reasonably relied on this promise because of his prior history of working with defendant Jia (Ivy) Ma, a project manager for the same parent corporation, to manage the project without a written contract. The counterclaim also alleged that Li was injured because he and his company expended $200,000 in preparation work. These allegations are sufficient to state a cause of action for promissory estoppel (see Castellotti v Free, 138 AD3d 198, 204-205 [1st Dept 2016]; MatlinPatterson ATA Holdings LLC v Federal Express Corp., 87 AD3d 836, 841-842 [1st Dept 2011], lv denied 21 NY3d 853 [2013]). The reasonableness of Li's reliance on the alleged promise is an issue for the trier of fact, and Li is entitled at this stage of the proceedings to a favorable inference because, in light of the surrounding circumstances, the reliance is not patently unreasonable on its face (see Cron v Hargro Fabrics, 91 NY2d 362, 366 [1998]).
Moreover, Li stated a cause of action for unjust enrichment by alleging that plaintiff was enriched by Li's preparation work on the restoration project and that it was against equity and good conscience to permit plaintiff to retain the benefit of that work without payment of the costs (see Georgia Malone & Co, Inc v Rieder, 19 NY3d 511, 516 [2012]; Edelman v Starwood Capital Group, LLC, 70 AD3d 246, 250 [1st Dept 2009], lv denied 14 NY3d 706 [2010]). Although Li did not include certain specifics, such as the precise way in which plaintiff allegedly induced him to perform the preparation work, the allegations nonetheless state the counterclaim with sufficient particularity (see Guggenheimer, 43 NY2d at 275). [FN1]
We have considered plaintiff's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 30, 2025

Footnotes

Footnote 1: The counterclaims are properly pled solely by Li. Li's company, EQ DCM USA, is not a party to the action.