■ CHESTNUT HILL PARTNERS, LLC, Respondent-Appellant, v PETER VAN RAALTE et al., Respondents, and CORINTHIAN CAPITAL GROUP, LLC, et al., Appellants-Respondents. [847 NYS2d 18]—

Order, Supreme Court, New York County (Helen E. Freedman, J.), entered March 16, 2007, which granted defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) to the extent of dismissing the complaint as against the individual defendants and denied the motion to the extent it sought dismissal of the complaint as against defendants Corinthian Capital Group, LLC (Corinthian) and Sabre Communications Holding, Inc. (Sabre), and denied plaintiff's cross motion to amend the complaint, unanimously affirmed, without costs.

The complaint alleges that plaintiff entered into a finder's fee agreement with nonparty Lincolnshire Management, Inc. (Lincolnshire) for the acquisition of a target company, Sabre. Lincolnshire decided against acquiring the company and the individual defendants, who were former Lincolnshire employees, subsequently formed Corinthian, which later acquired Sabre. Under the circumstances, the court properly declined to dismiss the complaint as against Corinthian and Sabre since plaintiff adequately pleaded claims for unjust enrichment and in quasi contract. The sequence of events, together with the fact that Corinthian voluntarily tendered a check in the amount of $75,000 to plaintiff after it had closed on its purchase of Sabre, present sufficient facts to infer that defendants benefitted from plaintiff's actions in bringing the deal to the attention of Corinthian's principals (*see Bradkin v Leverton*, 26 NY2d 192, 197-198 [1970]). Although there was no written contract between plaintiff and defendants, the facts as alleged in the complaint suggest that the statute of frauds may not be an available defense (*id.* at 199; *see* General Obligations Law § 5-701 [a] [10]). The decision to dismiss the complaint as against the individual defendants, however, was appropriate since plaintiff failed to allege facts implying individual abuse of the privilege of doing business in the corporate form resulting in harm (*see Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141-142 [1993]).

The court also properly denied plaintiff's cross motion to amend the complaint. Although leave to amend pleadings under CPLR 3025 (b) is to be freely given, the speculative allegations set forth by plaintiff are insufficient to sustain a claim for either tortious interference with contract (*see Burrowes v Combs*, 25 AD3d 370, 373 [2006], *lv denied* 7 NY3d 704 [2006]; *Washing-*

*ton Ave. Assoc. v Euclid Equip.*, 229 AD2d 486, 487 [1996]), or misappropriation of confidential information (*see Precision Concepts v Bonsanti*, 172 AD2d 737, 738 [1991]).

We have considered the parties' remaining contentions for affirmative relief and find them unavailing. Concur—Tom, J.P., Mazzarelli, Saxe, Nardelli and Kavanagh, JJ. [*See* 2007 NY Slip Op 30293(U).]