(June 3, 2010)

■ Roni LLC et al., Respondents, v Rachel L. Arfa et al., Appellants, and Edward Lukashok, Respondent, et al., Defendants. [903 NYS2d 352]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered April 17, 2009, which, insofar as appealed from as limited by the briefs, denied the motion of defendants Rachel L. Arfa, Alexander Shpigel and American Elite Properties, Inc. (the promoter defendants) to dismiss plaintiffs' accounting, breach of fiduciary duty, and constructive fraud causes of action, unanimously affirmed, with costs.

This action arises from a series of business transactions in

which investors acquired membership interests in limited liability companies (LLCs) that purchased and managed multi-family residential buildings in Harlem and the Bronx. The promoter defendants, directly or through their wholly owned companies, located the properties, arranged financing, organized the LLCs, solicited the investors, and managed the properties. Plaintiffs comprise the substantial majority of the investors or the assignees of their claims.

Plaintiffs' central allegation in the amended complaint and in the affidavits and documents submitted in opposition to the motion to dismiss is that the promoter defendants made secret profits at the expense of plaintiffs and the LLCs. Plaintiffs allege that the promoter defendants disclosed some of the profits they would make from the business venture but deliberately concealed that property sellers and mortgage brokers directly or indirectly paid them commissions of up to 15% of the purchase prices of the properties. These undisclosed commissions, plaintiffs allege, inflated the prices that the LLCs paid for the properties by millions of dollars.

In the amended complaint, plaintiffs asserted claims for an accounting, waste, breach of fiduciary duty, actual fraud, and constructive fraud. The promoter defendants moved to dismiss the complaint as against them for, among other things, failure to state a cause of action (CPLR 3211 [a] [7]) and failure to plead actual fraud and breach of fiduciary duty with specificity (CPLR 3016 [b]). The motion court granted the motion only to the extent of dismissing the cause of action for waste and granting plaintiff leave to replead the cause of action for actual fraud.[1]

As a threshold matter, and contrary to the promoter defendants' assertion, the antifraud provisions of the Martin Act (General Business Law art 23-A), which regulates the sale of publicly offered securities, do not preempt plaintiffs' claims for an accounting, breach of fiduciary duty, and constructive fraud, because given the relatively small number of investors and the absence of advertising, other than written promotional materials distributed to some of them, the offering was not "public" within the meaning of the act (see General Business Law § 352-e [1] [a]; *People v Glenn Realty Corp.*, 106 Misc 2d 46, 48 [1980]). In view of the foregoing, we need not address the promoter defendants' other arguments with respect to the act.

The promoter defendants also contend that the causes of action for breach of fiduciary duty, constructive fraud and an ac-

---

1. The record indicates that plaintiffs repleaded the fraud cause of action by serving and filing a second amended complaint, which is not a subject of this appeal.

counting should have been dismissed because plaintiffs failed to allege facts establishing that the promoter defendants were their fiduciaries (*see Vitale v Steinberg*, 307 AD2d 107, 110 [2003]). The motion court found that a fiduciary duty had been sufficiently alleged based both on the parties' relationship and on the promoter defendants' status as the organizers of the business venture.

The parties' business or personal relationship is not sufficient to establish a fiduciary relationship. A conventional business relationship between parties dealing at arm's length does not give rise to fiduciary duties (*see Schonfeld v Thompson*, 243 AD2d 343, 343 [1997]) unless the plaintiff shows that the defendant "had superior expertise or knowledge about some subject *and misled [the] plaintiff by false representations concerning that subject*" (*Stuart Silver Assoc. v Baco Dev. Corp.*, 245 AD2d 96, 99 [1997] [emphasis supplied]; *see also EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19-20 [2005]). Although plaintiffs allege that the investors, who were Israelis, "had little or limited knowledge of New York real estate or United States laws, customs or business practices with respect to real estate or investments" and that the promoter defendants held themselves out as experienced experts in these areas, plaintiffs do not claim that the promoter defendants misled them about how particular real estate and investing practices in New York and the United States would affect the transactions in question.

Plaintiffs also allege that the promoter defendants "play[ed] upon the cultural identities and friendship" of the Israeli investors, but personal connections of that sort alone between parties to business transactions do not establish a fiduciary relationship (*see Johnston v DeHaan*, 37 AD2d 1028, 1029 [1971]).

However, plaintiffs' allegations that the promoter defendants planned the business venture, organized the LLCs, and solicited plaintiffs to invest in them are sufficient to establish a fiduciary relationship (*see Dickerman v Northern Trust Co.*, 176 US 181, 203-204 [1900]). It is well settled that both before and after a corporation comes into existence, its promoter acts as the fiduciary of that corporation and its present and anticipated shareholders (*see Brewster v Hatch*, 122 NY 349, 359 [1890]; *Gates v Megargel*, 266 F 811, 816-817 [2d Cir 1920], *cert denied* 254 US 639 [1920]; *see also* 1A Fletcher, Cyclopedia of Corporations § 192.10, at 340-350 [Perm ed]). By extension, the organizer of a limited liability company is a fiduciary of the investors it solicits to become members (*see generally* Limited Liability Company Law § 203 [a] [iii]). The fiduciary duty includes the obligation to disclose fully any interests of the pro-

moter that might affect the company and its members, including profits that the promoter makes from organizing the company (*see Brewster*, 122 NY at 361-362; *see also* 1A Fletcher, Cyclopedia of Corporations § 193.10, at 353-357 [Perm ed]). Accordingly, plaintiffs stated a cause of action for breach of fiduciary duty by alleging that the promoter defendants failed to reveal that they would receive commissions from sellers and mortgage brokers in addition to their other, disclosed, profit from the venture.

The promoter defendants' argument that the constructive fraud cause of action should have been dismissed for failure to plead the materiality, justifiable reliance, and damages elements of the claim (*see Del Vecchio v Nassau County*, 118 AD2d 615, 617-618 [1986]) is without merit.[2] As for materiality, plaintiffs allege that they never would have invested in the LLCs had they known about the undisclosed commissions, and it cannot be said as a matter of law that knowledge of these commissions would not have influenced their decision (*see Swersky v Dreyer & Traub*, 219 AD2d 321, 328 [1996]).

As for justifiable reliance, the promoter defendants claim that plaintiffs received constructive notice of brokerage commissions, and point to a provision in some of the LLCs' operating agreements that permits the promoter defendants to provide services to the real estate properties' sellers, and to drafts of letter agreements that some plaintiffs allegedly received and that purportedly refer to the commissions. The import of these documents and the question whether they put plaintiffs on constructive notice cannot be resolved on a pre-answer motion to dismiss (*see Braddock v Braddock*, 60 AD3d 84, 88 [2009]).

Finally, plaintiffs sufficiently alleged damages by asserting that they suffered actual pecuniary loss in the amount of the secret commissions that inflated the purchase prices of the properties that the LLCs acquired (*see Kuo Feng Corp. v Ma*, 248 AD2d 168, 169 [1998], *appeal dismissed* 92 NY2d 845 [1998], *lv denied* 92 NY2d 809 [1998]). Concur—Friedman, J.P., Sweeny, Freedman and Abdus-Salaam, JJ.

---

**2.** In their brief, the promoter defendants also contend that the actual fraud claim should be dismissed for failure to allege materiality, justifiable reliance, and damages, but the issue whether the fraud claim was adequately pleaded is not properly before this Court, since the motion court granted the promoter defendants' motion to dismiss the claim with leave to replead, and that ruling has not been appealed.