[963 NE2d 123, 939 NYS2d 746]

RONI LLC et al., Respondents, v RACHEL L. ARFA et al., Appellants, et al., Defendants.

Argued November 15, 2011; decided December 20, 2011

## APPEARANCES OF COUNSEL

*Schlam Stone & Dolan, LLP*, New York City (*David J. Katz* and *Michael C. Marcus* of counsel), for appellants.

*Balber Pickard Maldonado & Van Der Tuin, P.C.*, New York City (*John Van Der Tuin* and *Jane Y. Ginns* of counsel), for respondents.

*Eric T. Schneiderman, Attorney General*, New York City (*Richard Dearing* of counsel), for Office of the Attorney General, amicus curiae.

*Larry E. Ribstein*, of the Illinois bar, admitted pro hac vice, amicus curiae.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.

This action arises from a series of related business transactions in which a number of Israeli investors acquired membership interests in seven limited liability companies that purchased residential buildings in the Bronx and Harlem for renovation and resale. The promoter defendants organized the limited liability companies, located and managed the properties, and solicited the investors. Plaintiffs—the majority of the investors or their assignees—brought this action, alleging that the promoter defendants deliberately concealed that property sellers and mortgage brokers paid them commissions of up to 15% of the purchase prices of the properties and that these commissions inflated the purchase prices by millions of dollars. The complaint contains claims for an accounting, waste, breach of fiduciary duty, actual fraud and constructive fraud. The promoter

defendants moved to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211.

Supreme Court granted the motion to the extent of dismissing the causes of action for waste and actual fraud. It also permitted plaintiffs to replead their fraud claim. The Appellate Division affirmed (74 AD3d 442 [1st Dept 2010]) and granted the promoter defendants leave to appeal on a certified question.

The promoter defendants argue that the three claims at issue on this appeal—an accounting, breach of fiduciary duty and constructive fraud—must be dismissed because no fiduciary relationship existed between the promoter defendants and plaintiffs before the formation of the limited liability companies. On a CPLR 3211 motion to dismiss, however, we must give the complaint a liberal construction, accept the allegations as true and provide plaintiffs with the benefit of every favorable inference. Indeed, the question of "[w]hether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (*EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]). Applying this standard, we conclude that plaintiffs' allegations of a fiduciary relationship survive the dismissal motion.

A fiduciary relationship arises "between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation" (*id.* [internal quotation marks and citation omitted]). Put differently, "[a] fiduciary relation exists when confidence is reposed on one side and there is resulting superiority and influence on the other" (*AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.*, 11 NY3d 146, 158 [2008] [internal quotation marks and citation omitted]). Ascertaining the existence of a fiduciary relationship "inevitably requires a fact-specific inquiry" (*Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 561 [2009]).

Here, plaintiffs assert that the promoter defendants planned the business venture, organized the limited liability companies, solicited their involvement and exercised control over the invested funds. We agree with plaintiffs that the promoters of a limited liability company are in the best position to disclose material facts to investors and can reveal those facts more efficiently than individual investors, who would otherwise incur expense investigating what the

promoters already know.[1] In addition, the complaint alleges that the promoter defendants represented to the foreign investors that they had "particular experience and expertise" in the New York real estate market. Although the promoter defendants describe plaintiffs as "sophisticated prospective investors," the complaint paints a different picture, stating that they were "overseas investors who had little or limited knowledge of New York real estate or United States laws, customs or business practices with respect to real estate or investments." Moreover, plaintiffs contend that the promoter defendants assumed a position of trust and confidence, in part, by "playing upon the cultural identities and friendship" of plaintiffs. Accepting the totality of these allegations to be true, as we must at this early stage of the litigation, the complaint adequately pleads a fiduciary relationship.[2]

The promoter defendants' alternative contention that plaintiffs' accounting, breach of fiduciary duty and constructive fraud claims are preempted by the Martin Act is without merit (see Assured Guar. [UK] Ltd. v J.P. Morgan Inv. Mgt. Inc., 18 NY3d 341 [2011] [decided today]). Finally, we agree with the Appellate Division that the constructive fraud claim withstands the motion to dismiss because "plaintiffs sufficiently alleged damages by asserting that they suffered actual pecuniary loss in the amount of the secret commissions that inflated the purchase prices of the properties" (74 AD3d at 445).

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, PIGOTT and JONES concur in memorandum. Taking no part: Judge SMITH.

Order affirmed, etc.

---

1. Certainly, there are differences between limited liability companies and traditional corporations, but the distinctions are not relevant to the allegations in this case: a potential exists regardless of corporate form for "conscienceless promoters [to] accumulate[ ] property at a low price under a well-devised scheme to unload it upon others at a high price" (Heckscher v Edenborn, 203 NY 210, 219 [1911]).

2. Based on the foregoing analysis, we need not decide the question of whether the promoter defendants' status as organizers of the limited liability companies, standing alone, was sufficient to allege a fiduciary relationship.