■ WILLIAM R. SALOMON, Appellant, v CITIGROUP INC., Respondent. [999 NYS2d 21]—

Judgment, Supreme Court, New York County (Eileen Bransten, J.), entered March 12, 2014, dismissing the complaint, and bringing up for review an order, same court and Justice, entered February 18, 2014, which granted defendant's motion to dismiss the complaint, unanimously affirmed, with costs.

In 1981, plaintiff investment banker agreed to retire from his management position at Salomon Brothers, Inc. (SBI) and entered into a consulting agreement with SBI whereby, inter alia, SBI, or its successor(s) would provide plaintiff with full-time secretarial services in exchange for plaintiff's consulting work and client generation. SBI was ultimately acquired by defendant Citigroup. In 2011, it was discovered that a secretary assigned to plaintiff by Citigroup had stolen approximately $3 million from plaintiff while assisting plaintiff with his personal expenses over the years. Plaintiff commenced this action against Citigroup after the secretary was convicted and sentenced for her theft.

Plaintiff's breach of contract claim against Citigroup, predicated upon an alleged implied warranty by Citigroup to indemnify plaintiff for any personal financial loss incurred due to theft by a Citigroup secretary assigned to him, has no support in the language of the consulting agreement (*see generally Rodolitz v Neptune Paper Prods.*, 22 NY2d 383 [1968]). Plaintiff may not read terms into the consulting agreement which, when fairly construed in the context of the whole of its provisions, offers no basis to support that such a warranty had been impliedly incorporated by the parties into the agreement (*see generally Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470,

475 [2004]; *Reiss v Financial Performance Corp.*, 97 NY2d 195, 199 [2001]). The consulting agreement was drafted by sophisticated, commercially savvy parties, and their intent as to their rights and liabilities thereunder should be gleaned from the language used in the agreement (*see generally W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]; *Ashwood Capital, Inc. v OTG Mgt., Inc.*, 99 AD3d 1 [1st Dept 2012]). The fact that the phrase "full-time services" to be provided by a secretary is not specifically defined in the consulting agreement does not afford any basis to infer, as plaintiff suggests, that the parties intended that Citigroup indemnify plaintiff for any theft committed against him by an assigned secretary it employed. Even assuming, arguendo, the "full-time services" phrase was ambiguous, the claimed unspoken warranty to indemnify would constitute an obligation wholly distinct from the contract language that required SBI, or its successor, to simply supply plaintiff with full time secretarial services during the consulting arrangement. Indeed, an implied contractual obligation to indemnify cannot be maintained in the absence of explicit language or facts that clearly and unmistakably identify such a duty (*see Blank Rome, LLP v Parrish*, 92 AD3d 444 [1st Dept 2012]). There is no such language here. Moreover, the consulting agreement contained a merger clause that asserted that the parties' "entire agreement" had been set forth within its provisions, and that it could not be amended except in writing (*see Ashwood Capital*, 99 AD3d at 9). The parties did not amend their agreement.

Plaintiff's claim for breach of covenant of good faith and fair dealing, predicated upon Citigroup's alleged failure to abide by its purported obligation to indemnify plaintiff against any theft committed against him by his assigned Citigroup secretary, is essentially duplicative of the allegations in his breach of contract claim, and should be dismissed, particularly as it seeks the same damages as the breach of contract claim (*see Mill Fin., LLC v Gillett*, 122 AD3d 98 [1st Dept 2014]; *Amcan Holdings, Inc. v Canadian Imperial Bank of Commerce*, 70 AD3d 423, 426 [1st Dept 2010], *lv denied* 15 NY3d 704 [2010]).

Plaintiff's cause of action for conversion, predicated upon a vicarious liability theory, was properly dismissed where the factual allegations indicated that the theft was in furtherance of the secretary's own personal gain, not in furtherance of Citigroup's business (*see N.X. v Cabrini Med. Ctr.*, 97 NY2d 247, 251 [2002]; *Naegele v Archdiocese of N.Y.*, 39 AD3d 270 [1st Dept 2007], *lv denied* 9 NY3d 803 [2007]). The secretary's conduct constituted such a gross departure from the normal

performance of her secretarial duties that the charged conduct could not be considered as being within the scope of her employment (*see Roberts v 112 Duane Assoc. LLC*, 32 AD3d 366, 369 [1st Dept 2006], *lv denied* 8 NY3d 815 [2007]) or in furtherance of Citigroup's business (*see Cabrini Med. Ctr.*, 97 NY2d at 251). Concur—Sweeny, J.P., Renwick, DeGrasse, Clark and Kapnick, JJ.