■ VISTA FOOD EXCHANGE, INC., Appellant, v BENEFITMALL, Also Known as CENTERSTONE INSURANCE AND FINANCIAL SERVICES, et al., Respondents. [31 NYS3d 9]—

Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered on or about June 10, 2014, which granted defendants' motions to dismiss the complaint, with leave to file an

amended complaint as to the breach of contract claim against the corporate defendants only, and order, same court and Justice, entered on or about November 10, 2014, which granted defendants' motions to dismiss plaintiff's amended complaint, unanimously affirmed, without costs.

Plaintiff alleges that it relied on defendants' advice in outsourcing its human resources and benefits functions to a third party recommended by defendants. The third party allegedly accepted funds from plaintiff for the payment of its payroll taxes, but failed to make such payments to the taxing authorities before becoming insolvent.

First, the court correctly dismissed the breach of contract claims asserted in the amended complaint, because the amended complaint does not sufficiently allege that there was consideration to support the alleged oral contract. Consideration sufficient to create a contract "consists of either a benefit to the promisor or a detriment to the promisee" (*Weiner v McGraw-Hill, Inc.*, 57 NY2d 458, 464 [1982]). Here, plaintiff, or the alleged promisee, claims that on the advice of defendants, it decided not to hire a different third-party company to perform its human resources and payroll services, and instead hired the company that defendants recommended. However, it is not alleged that this purported detriment was required by defendants as a condition of their promising to give advice, or was otherwise necessary to consummate the transaction, and, therefore, cannot serve as the requisite consideration needed to form a contract (22 NY Jur 2d, Contracts § 76). Similarly, there are no allegations that defendants, the alleged promisors, received a direct benefit, monetary or otherwise, in exchange for their promise to provide advice. To the extent defendants received payments from the recommended third party rather than from plaintiff directly, such payments provide a benefit that is too remote or indirect to constitute consideration (*Trans Intl. Corp. v Clear View Tech.*, 278 AD2d 1, 1 [1st Dept 2000]).

Even if an enforceable contract had been formed between the parties here, plaintiff's breach of contract claim would still fail because plaintiff has failed to properly plead general or special damages. Plaintiff's alleged damages (namely, its potential incurment of tax penalties and other liabilities due to the third party's failure to pay plaintiff's taxes) do not directly flow from and are not the "natural and probable consequence" of defendants' alleged breach, and, therefore, do not qualify as general damages (*Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y.*, 10 NY3d 187, 192 [2008] [internal quotation marks omitted], *rearg denied* 10 NY3d 890 [2008]). Moreover, the allegations in

the amended complaint fail to allege special damages because there are no allegations that defendants foresaw, or should have foreseen, the alleged damages, prior to or at the time the alleged contract was made (*id.* at 192-193).

The motion court correctly dismissed plaintiff's claim for breach of the implied covenant of good faith and fair dealing, because it cannot be used as a substitute for plaintiff's nonviable breach of contract claim (*Smile Train, Inc. v Ferris Consulting Corp.*, 117 AD3d 629, 630 [1st Dept 2014]).

Because plaintiff did not allege defendants' violation of a legal duty independent of a contract, the motion court correctly dismissed the promissory estoppel claim in the amended complaint and the negligence/negligent misrepresentation claim in the original complaint (*MatlinPatterson ATA Holdings LLC v Federal Express Corp.*, 87 AD3d 836, 842-843 [1st Dept 2011] [promissory estoppel], *lv denied* 21 NY3d 853 [2013]; *Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389 [1987] [negligence]). Further, plaintiff failed to support its negligent misrepresentation claim with sufficient allegations of "a special or privity-like relationship imposing a duty on the defendant[s] to impart correct information to the plaintiff," or that the information imparted by defendants was incorrect (*J.P. Morgan Sec. Inc. v Ader*, 127 AD3d 506, 506 [1st Dept 2015] [internal quotation marks omitted]).

To the extent plaintiff has not abandoned the issue on appeal, it failed to state a claim for professional malpractice because, under New York law, defendants are not professionals (*see Chase Scientific Research v NIA Group*, 96 NY2d 20, 29-30 [2001]). Further, plaintiff failed to state a claim for breach of fiduciary duty, since there are no allegations in the complaint that defendants misled plaintiff by making false misrepresentations (*see Roni LLC v Arfa*, 74 AD3d 442, 444 [1st Dept 2010], *affd* 18 NY3d 846 [2011]).

The allegations in the complaint and the amended complaint are insufficient to support any claim against the individual defendants (*Chestnut Hill Partners, LLC v Van Raalte*, 45 AD3d 434, 435 [1st Dept 2007]). We have considered plaintiff's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Renwick, Manzanet-Daniels and Kapnick, JJ.