Brembo, S.P.A. v T.A.W. Performance LLC (2019 NY Slip Op 07508)





Brembo, S.P.A. v T.A.W. Performance LLC


2019 NY Slip Op 07508


Decided on October 17, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2019

Manzanet-Daniels, J.P., Gische, Webber, Moulton, JJ.


654931/17 10126A 10126

[*1] Brembo, S.P.A., Plaintiff-Respondent-Appellant,
v
T.A.W. Performance LLC, Defendant-Appellant-Respondent.
T.A.W. Performance LLC, Third-Party Plaintiff,
v
Omnia Racing S.R.L., et al., Third-Party Defendants.


Law Offices of Anthony A. Capetola, Williston Park (Michael C. Barrows of counsel), for appellant-respondent.
Herzfeld & Rubin, P.C., New York (Mark A. Weissman of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about July 3, 2018, which, to the extent appealed from as limited by the briefs, granted the part of plaintiff's motion seeking to dismiss the counterclaims for breach of an oral agreement (first), fraudulent inducement (third), and breach of the implied covenant of good faith and fair dealing (fourth), and denied the part of the motion seeking to dismiss the counterclaim for breach of contract (second), unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about December 3, 2018, upon reargument, to the extent it adhered to the original determination granting plaintiff's motion to dismiss the first, third, and fourth counterclaims, unanimously dismissed, without costs, as academic.
Defendant failed to allege that there was consideration for the alleged oral agreement (See Vista Food Exch., Inc. v BenefitMall, 138 AD3d 535 [1st Dept 2016], lv denied 28 NY3d 902 [2016]). Paragraphs 33 through 36 of the answer, on which defendant relies, allege that plaintiff reaffirmed its promise to appoint defendant as its exclusive distributor in meetings and through correspondence. They do not allege that, in exchange for this promise, plaintiff received a benefit or defendant suffered a detriment. Nor was the oral agreement definitive in its material terms so as to be enforceable (see Cobble Hill Nursing Home v Henry & Warren Corp., 74 NY2d 475, 482 [1989], cert denied 498 US 816 [1990]). No terms were agreed upon when plaintiff allegedly made the promise: not the duration of the agreement, not the pricing of plaintiff's parts, and not any other term governing the alleged exclusive distributorship. In any event, the 2014 written distribution agreement, by its terms, superseded any alleged prior oral agreement concerning the same subject matter.
The fraudulent inducement and breach of the covenant of good faith and fair dealing counterclaims are duplicative of the counterclaim for breach of the written distributor agreement (see Krantz v Chateau Stores of Canada, 256 AD2d 186, 187 [1st Dept 1998]; Rong Rong Jiang v Tan, 11 AD3d 373, 374 [1st Dept 2004]; Netologic, Inc. v Goldman Sachs Group, Inc., 110 AD3d 433, 433-434 [1st Dept 2013]).
With respect to the counterclaim for breach of the written distributor agreement, whether [*2]plaintiff complied with the agreement is a factual issue that cannot be resolved on this motion to dismiss, where the allegations of the counterclaim are presumed to be true (see Leon v Martinez, 84 NY2d 83, 87 [1994]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 17, 2019
CLERK