*Uddo v. DeLuca*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of December, two thousand twenty.

Present:

> GUIDO CALABRESI
> ROBERT A. KATZMANN,
> RICHARD J. SULLIVAN,
> *Circuit Judges*.

_____

PETER UDDO,

> *Plaintiff-Appellee*,

v.                                                            No. 20-23

ROBERT DELUCA, KIMBERLY DELUCA,

> *Defendants-Appellants*.

_____

| | |
|---|---|
| For Plaintiff-Appellee: | JOSHUA WURTZEL (Richard H. Dolan and Douglas E. Grover, *on the brief*), Schlam Stone & Dolan LLP, New York, NY. |
| For Defendants-Appellants: | JUDD R. SPRAY, Law Office of Judd R. Spray, New York, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gershon, *J.*).

1

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendants-appellants Robert and Kimberly DeLuca appeal from a judgment holding them jointly and severally liable in the amount of $5,802,193.06 to Ms. DeLuca's uncle, plaintiff-appellee Peter Uddo. Mr. Uddo asserted claims against Mr. DeLuca for breach of fiduciary duty, fraud, breach of contract, and fraudulent inducement, and against Ms. DeLuca for aiding and abetting breach of fiduciary duty. The parties' familiarity with the facts of the case, procedural history, and issues on appeal is assumed. Because the district court entered its decision after hearing testimony at a bench trial, "we review the district court's findings of fact for clear error and conclusions of law and mixed questions *de novo*." *Mitchell v. Garrison Protective Servs., Inc.*, 819 F.3d 636, 641 (2d Cir. 2016).[1]

Beginning with the breach of fiduciary duty claim against Mr. DeLuca, we agree with the district court that Mr. DeLuca had a fiduciary obligation to protect Mr. Uddo's collateral. A well-established definition of a fiduciary relationship under New York law is a relationship where "confidence is reposed on one side and there is resulting superiority and influence on the other." *Roni LLC v. Arfa*, 18 N.Y.3d 846, 848 (2011). New York law does not impose precise limits on the scope of relationships that may be considered fiduciary. *See Penato v. George*, 52 A.D.2d 939, 942 (N.Y. App. Div. 2d Dep't 1976). Rather, the term encompasses "those informal relations which exist whenever one man trusts in, and relies upon, another." *Braddock v. Braddock*, 60 A.D.3d 84, 89 (N.Y. App. Div. 1st Dep't 2009). Although not determinative of the matter, *see United States v. Chestman*, 947 F.2d 551, 568 (2d Cir. 1991), a pre-existing relationship between

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

two parties, whether a personal relationship between family members or a prior course of business dealings, may be relevant to the inquiry of whether a fiduciary relationship exists between them, *see Loeuis v. Grushin*, 126 A.D.3d 761, 764 (N.Y. App. Div. 2d Dep't 2015); *Penato*, 52 A.D.2d at 942; *Perrone v. Amato*, No. 09-cv-316, 2017 WL 2881136, at *34 (E.D.N.Y. July 5, 2017).

Here, the facts adduced at trial establish that Mr. Uddo trusted Mr. DeLuca to act on his behalf in matters related to the DeLucas' real estate business, and that Mr. DeLuca resultingly acquired influence over Mr. Uddo. *See Roni LLC*, 18 N.Y.3d at 848. The close familial relationship between the two men, including the history of lending between them, supports this conclusion. And although Mr. Uddo was a wealthy and successful businessman in a different industry, he had no knowledge of the real estate business and accordingly relied on Mr. DeLuca's expertise in that area. It is thus not unreasonable to infer that Mr. Uddo's trust in Mr. DeLuca led him to agree to post collateral for the Schwab line of credit. As a result of this trust, Mr. DeLuca acquired a fiduciary duty to act on Mr. Uddo's behalf to protect the value of the collateral, *see id.*, a duty which he violated by spending the Schwab loan proceeds on personal expenses and undisclosed prior debts.

Mr. DeLuca's arguments to the contrary are unpersuasive. First, he points out that there are no New York precedents finding a fiduciary relationship to exist on a fact pattern *exactly* like the one at issue here. That may be true, but because "[t]he exact limits of [a fiduciary] relationship are impossible of statement," *Penato*, 52 A.D.2d at 942, there need not be. Moreover, at least two New York courts have found a fiduciary relationship on facts that are similar to those here in material ways, i.e., in the context of familial ties plus other indicia of trust on which one party relies when entering into a substantial transaction. *See Loeuis*, 126 A.D.3d at 762, 764; *Squiciarino v. Squiciarino*, 35 A.D.3d 844, 845 (N.Y. App. Div. 2d Dep't

3

2006). Second, Mr. DeLuca argues that he had no "duty to act for . . . the benefit of" Mr. Uddo, *Roni LLC*, 18 N.Y.3d at 848, because both men had agreed to open the Schwab line of credit for the sole benefit of *Mr. DeLuca*. But this argument misunderstands the facts. As the district court found, although the parties understood that Mr. DeLuca would use the *proceeds* of the line of credit for the benefit of his business, he still had a duty to manage the *collateral* for Mr. Uddo's benefit. The judgment of the district court with respect to the breach of fiduciary duty claim is therefore affirmed.

We also affirm the district court's holding that Ms. DeLuca is liable for aiding and abetting Mr. DeLuca's breach of fiduciary duty. As noted above, we reject her defense that no fiduciary relationship existed between Mr. DeLuca and Mr. Uddo. We similarly reject her challenges to the district court's findings that Ms. DeLuca knew of her husband's fiduciary obligations to Mr. Uddo, that she knew of Mr. DeLuca's breach of these obligations, and that she "knowingly . . . participated in the breach." *Sharp Int'l Corp. v. State St. Bank & Tr. Co.* (*In re Sharp Int'l Corp.*), 403 F.3d 43, 49 (2d Cir. 2005). After careful review of the trial record, we conclude that none of the district court's findings with respect to these elements was erroneous, let alone clearly so. Indeed, these findings are all reasonable inferences from other facts found by the district court, none of which the DeLucas specifically challenge in this appeal.

As to Ms. DeLuca's knowledge of her husband's fiduciary duties to her uncle, the record is clear that Ms. DeLuca was well aware of the key facts that gave rise to the relationship of trust between the two men, including their close familial relationship and their history of prior loans. Ms. DeLuca also knew that Mr. Uddo had relied on these facts when deciding to post collateral for the Schwab line of credit, and that Mr. DeLuca had represented to Mr. Uddo that he would invest the loan proceeds in his real estate business. With respect to Ms. DeLuca's knowledge of

4

her husband's breach of his duties and her knowing participation therein, we credit the district court's findings that, *inter alia*, (1) Ms. DeLuca signed many of the checks drawn on the Schwab proceeds, including checks used to pay down prior debts of which Mr. Uddo was unaware; (2) Ms. DeLuca partook in many of the personal expenses funded by the Schwab borrowing; (3) Ms. DeLuca signed personal tax returns indicating that the couple's sources of income were paltry in comparison to these expenditures; and (4) Ms. DeLuca was involved in the couple's efforts to conceal from Mr. Uddo the true extent of their borrowing from other creditors, including by asking Mr. Uddo to not reveal to their other relatives that he had posted collateral on the DeLucas' behalf, lest Mr. Uddo learn that these other relatives had also lent money to the DeLucas.

We also affirm the district court's holding that Mr. DeLuca is liable for fraud. Mr. DeLuca challenges only two elements of this cause of action on appeal: that (1) he made a material false representation to Mr. Uddo, and (2) Mr. Uddo reasonably relied on that representation. *See Wall v. CSX Transp., Inc.*, 471 F.3d 410, 415–16 (2d Cir. 2006). As to the material misrepresentation, we agree with the district court that Mr. DeLuca misled Mr. Uddo by telling him that the loan proceeds would be invested in the DeLucas' business even though Mr. DeLuca actually intended to spend the loan proceeds on personal expenses and prior indebtedness. Although the two men had reached an understanding that Mr. DeLuca would use $600,000 of the $4.5 million in loan proceeds to repay two prior loans from Mr. Uddo, Mr. DeLuca nevertheless deceived Mr. Uddo about his intentions for the remainder of the money.

Mr. DeLuca next argues that any reliance by Mr. Uddo was unreasonable because Mr. Uddo did not conduct an independent investigation into the DeLucas' true financial condition, an investigation which might have revealed the DeLucas' extensive debts and thus might have led

5

Mr. Uddo not to risk his collateral. *See Crigger v. Fahnestock & Co., Inc.*, 443 F.3d 230, 234 (2d Cir. 2006). We disagree. Although Mr. Uddo acknowledged at trial that he loaned the collateral to Mr. DeLuca "all on good faith," App'x 174:4, and although Mr. Uddo was surely aware of some facts that in hindsight might have been red flags, we note again that Mr. DeLuca was Mr. Uddo's fiduciary, and New York courts generally allow one to reasonably rely on the representations of a fiduciary without performing an independent investigation, *Andersen v. Weinroth*, 48 A.D.3d 121, 136 (N.Y. App. Div. 1st Dep't 2007). Moreover, we find no error in the district court's finding that, due to the DeLucas' considerable efforts to conceal the true extent of their borrowing, any investigation by Mr. Uddo would likely have been futile. That finding provides an independent basis to conclude that Mr. Uddo's reliance on Mr. DeLuca's representations was not unreasonable. *See Crigger*, 443 F.3d at 234; *Andersen*, 48 A.D.3d at 136.

We have considered the parties' remaining arguments and find in them no basis to depart from the conclusions above.[2] For the foregoing reasons, the judgment of the district court holding Mr. and Ms. DeLuca jointly and severally liable to Mr. Uddo in the amount of $5,802,193.06 is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] Because, as appellants' counsel conceded at oral argument, each cause of action against Mr. DeLuca independently supports the district court's award of damages against him, we need not reach his challenges to the district court's holdings with respect to Mr. Uddo's claims for breach of contract and fraudulent inducement.