Delucca v Hayfin Capital Holdings Ltd. (2022 NY Slip Op 01119)





Delucca v Hayfin Capital Holdings Ltd.


2022 NY Slip Op 01119


Decided on February 22, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 22, 2022

Before: Renwick, J.P., Kennedy, Scarpulla, Rodriguez, Higgitt, JJ. 


Index No. 652210/20 Appeal No. 15349 Case No. 2021-02036 

[*1]Joyce Delucca, Plaintiff-Appellant,
v
Hayfin Capital Holdings Limited et al., Defendants-Respondents.


Kaiser Saurborn & Mair, P.C., New York (David N. Mair of counsel), for appellant.
DLA Piper LLP (US), New York (Scott R. Wilson of counsel), for respondents.



Order, Supreme Court, New York County (Andrew Borrok, J.), entered on or about May 7, 2021, which granted defendants' motion to dismiss the complaint, unanimously modified, on the law, to reinstate the breach of contract cause of action alleging defendants' bad faith impediment of plaintiff's ability to reach earn out targets in the parties' purchase agreement, and to dismiss without prejudice under the forum selection clause the claims under the side letter, and otherwise affirmed, without costs.
This Court can consider plaintiff's arguments raised for the first time on appeal, because they raise questions of law that can be resolved on the face of the existing record (Chateau D'If Corp. v City of New York, 219 AD2d 205, 209 [1st Dept 1996], lv denied 88 NY2d 811 [1996]).
Plaintiff, who was a party to the contracts at issue in her individual capacity, and the person to whom the subject earn out payments were to be made, had standing to assert breach of contract claims under the agreements based on defendants' alleged bad faith prevention of her ability to meet her earn out targets (Caprer v Nussbaum, 36 AD3d 176, 183 [2d Dept 2006]).
Further, the issue of whether defendants' alleged bad faith failure to make available to plaintiff the funds they were required to obtain under the financial commitment clause of the purchase agreement is not precluded as a matter of law by the language of the agreements. The "no bad faith" clause expressly incorporated by reference one of the exhibits to the agreements, thus the integration clause does not bar consideration of that exhibit. As such, defendants are not relieved as a matter of law from the "no bad faith" clause on the ground that their duty under the financial commitment clause was limited to simply obtaining the financial commitment, without reference to or consideration of the obligations set forth in the exhibit to the purchase agreement (cf. NWM Capital, LLC v Scharfman, 168 AD3d 624 [1st Dept 2019]).
The court properly dismissed the implied covenant of good faith and fair dealing claim under the purchase agreement, as duplicative of the express contract claim (Salomon v Citigroup Inc., 123 AD3d 517, 518 [1st Dept 2014]). However, the implied covenant claim as to the side letter was not duplicative, because there is no "no bad faith action" clause in the side letter. The fact that plaintiff failed to cite English law in support of that claim does not warrant dismissal at this juncture (Edwards v Erie Coach Lines Co., 17 NY3d 306, 326 [2011]).
Nevertheless, because the side letter claims are subject to a mandatory forum
selection clause providing for exclusive jurisdiction in England, the claims under the side letter should be dismissed without prejudice.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 22, 2022