Matter of William O. (Duff) (2023 NY Slip Op 06370)

Matter of William O. (Duff)

2023 NY Slip Op 06370

Decided on December 13, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
BETSY BARROS
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2021-08594
 (Index No. 80246/12)

[*1]In the Matter of William O. (Anonymous). August O. (Anonymous), Jr., respondent;
Claudette Duff, appellant. 

Margaret Mayora, New York, NY, for appellant.

DECISION & ORDER
In a guardianship proceeding pursuant to Mental Hygiene Law article 81, Claudette Duff appeals from an order of the Supreme Court, Richmond County (Thomas P. Aliotta, J.), dated August 2, 2021. The order, insofar as appealed from, in effect, granted that branch of the motion of August O., Jr., the guardian of the person and property of William O., and administrator of his estate, to settle his final account as guardian and, in effect, to confirm a referee's report with respect to a claim against Claudette Duff and a claim by Claudette Duff, directed Claudette Duff to pay $9,750 to August O., Jr., as the administrator of the estate of William O., and denied Claudette Duff's claim against the guardianship assets for alleged unpaid expenses of William O., including healthcare expenses.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
In February 2013, the court appointed August O., Jr. (hereinafter August), as the guardian of the person and property of his uncle, William O. (hereinafter William). Claudette Duff (hereinafter Duff), a licensed clinical social worker, was hired as William's geriatric care manager. William received healthcare services in his home from an entity or entities of which Duff was the principal.
By order dated February 20, 2014, the Supreme Court granted August permission to rent an unoccupied apartment in William's residence. In March through May 2016, Duff, claiming that August was not paying her for William's expenses, including payment for healthcare services, collected the rents from the tenants of the apartment. William died in June 2016, terminating the guardianship. However, August was appointed administrator of William's estate on April 6, 2017.
By order dated March 2, 2017, the court directed August to file a final accounting of his guardianship, and also directed Duff to file a final accounting of her proceedings as the home healthcare provider. The court appointed a referee to report on the final accountings.
In papers reviewed by the referee, Duff admitted that she collected $9,000 in rent during the period from March 2016 through May 2016 and documents submitted to the referee established that Duff had also received a $750 payment for one-half of the July monthly rent made on behalf of one of the tenants. The referee found that Duff violated her fiduciary duty to William [*2]as his geriatric care manager because she had no authority to collect rent. The referee recommended that the court deny Duff's claim for William's alleged unpaid expenses, including healthcare expenses, and allow August to recover the rents which Duff improperly collected, which the Referee found totaled $9,750.
August moved to settle the final account and, in effect, to confirm the referee's report. In an order dated August 2, 2021, the Supreme Court, in effect, granted August's motion and, inter alia, directed Duff to pay $9,750 to August, as the administrator of William's estate, adding that "said sum may be filed as a Notice of Claim against [William's] Estate." The court also denied Duff's claim against the guardianship assets for William's alleged unpaid expenses, including healthcare expenses. In confirming the referee's report, the court found that there was an appearance of impropriety, although the court also stated that there was no finding that Duff acted with "nefarious motives." Duff appeals with respect to the portion of the order relating to the rent she collected and her claim for William's alleged unpaid expenses.
Under the circumstances of this case, the Supreme Court providently exercised its discretion in directing Duff to reimburse William's estate for the rent which she collected without authorization and denied Duff's claim for William's alleged unpaid expenses, including healthcare expenses (see Roni LLC v Arfa, 18 NY3d 846, 848; Lightman v Flaum, 97 NY2d 128, 134-136).
Duff's remaining contentions are without merit or need not be reached in light of this determination.
Accordingly, we affirm the order insofar as appealed from.
LASALLE, P.J., BARROS, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court