Kai Cho Vincent Chan v TC Havemeyer Manager LLC (2024 NY Slip Op 06151)

Kai Cho Vincent Chan v TC Havemeyer Manager LLC

2024 NY Slip Op 06151

Decided on December 10, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 10, 2024

Before: Manzanet-Daniels, J.P., Singh, Gesmer, Rodriguez, Michael, JJ. 

Index No. 652359/22 Appeal No. 3212-3213 Case No. 2024-03095, 2023-03812 

[*1]Kai Cho Vincent Chan et al., Plaintiffs-Appellants-Respondents,
v
TC Havemeyer Manager LLC, et al., Defendants-Respondents-Appellants.

Law Office of Ethan A. Brecher, LLC, New York (Ethan A. Brecher of counsel), for appellants-respondents.
Moses & Singer LLP, New York (Zaid Shukri of counsel), for respondents-appellants.

Order, Supreme Court, New York County (Melissa A. Crane, J.), entered on or about July 26, 2023, which, insofar as appealed from as limited by the briefs, denied plaintiffs' motion for leave to file a second amended complaint asserting causes of action for breach of fiduciary duty and for aiding and abetting breach of fiduciary duty on behalf of plaintiff Yuca Capital Partners, LP, and granted plaintiffs Dai Yu, Kai Cho Vincent Chan, and Allen Fu's (the Individual Plaintiffs) motion for leave to assert a cause of action for aiding and abetting breach of fiduciary duty against defendant Colin Rankowitz, unanimously affirmed, with costs.
Order, same court and Justice, entered April 5, 2024, which, insofar as appealed from, denied plaintiffs' motion for leave to file a third amended complaint to assert a cause of action on behalf of plaintiff Yuca for breach of fiduciary duty against defendants, and granted the motion for Yuca to assert a cause of action for fraudulent inducement against defendants, unanimously modified, on the law, to deny the motion seeking leave for Yuca to assert the fraudulent inducement cause of action, and otherwise affirmed, without costs.
Supreme Court properly denied plaintiffs' motion for leave to file a second amended complaint asserting fiduciary duty-based claims on behalf of plaintiff Yuca. Consistent with this Court's decision in the prior appeal issued subsequent to the July 26, 2023 order under appeal, the motion court correctly found that the allegations in the proposed second amended complaint, like the allegations in the first amended complaint, were insufficient to allege a fiduciary relationship between Yuca and any of the defendants (see Chan v Havemeyer Holdings LLC, 223 AD3d 403 [1st Dept 2024]). This Court, in affirming the dismissal of the fraud-based claims asserted on behalf of Yuca, found that based on the allegations in the first amended complaint, which are essentially the same as those in the proposed second amended complaint, Yuca, unlike the Individual Plaintiffs, was "not a preexisting investor" owed fiduciary duties in connection with the investments at issue (id. at 404). There was no other basis for Yuca's assertion of a fiduciary relationship.
We further find that the court's July 2023 order properly permitted plaintiffs leave to file the second amended complaint asserting the cause of action for aiding and abetting the breach of fiduciary duty on behalf of the Individual Plaintiffs against defendant Rankowitz. The court correctly found that the allegations in the proposed second amended complaint as to Rankowitz's role, including his participation in the conference call during which an alleged false representation was made to plaintiffs, are adequate to permit the amendment to assert this cause of action against him.
As to the April 5, 2024 order, the court properly denied plaintiffs' second motion to amend insofar as it sought leave to assert claims for breach of fiduciary duty and aiding [*2]and abetting the breach on behalf of Yuca. The court correctly found that the proposed third amended complaint's newly asserted allegations, including the allegations based on the newly discovered evidence of defendant Silvers' October 2023 deposition statement as to his belief that defendants owed Yuca the same fiduciary duty as the other plaintiffs in connection with soliciting the March 2020 investments, were insufficient.
However, the court should not have granted plaintiffs leave to file an amended complaint asserting a cause of action for fraud in the inducement on behalf of Yuca. Even if Yuca asserts a new "bait and switch" theory of the motivation for defendants' alleged misrepresentations and fiduciary breaches, that does not sufficiently distinguish the claim from the fraud-based claims asserted by Yuca that were properly dismissed based on the section 4 disclaimers in the subscription agreements.
We have considered the remaining arguments, including Yuca's reliance on Roni LLC v Arfa (74 AD3d 442 [1st Dept 2010], affd 18 NY3d 846 [2011]), and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 10, 2024