Jones Law Firm, P.C. v J Synergy Green, Inc. (2026 NY Slip Op 00840)

Jones Law Firm, P.C. v J Synergy Green, Inc.

2026 NY Slip Op 00840

Decided on February 17, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 17, 2026

Before: Manzanet-Daniels, J.P., Kapnick, Pitt-Burke, Higgitt, Rosado, JJ. 

Index No. 653730/23|Appeal No. 5818-5819|Case No. 2024-02979, 2024-04684|

[*1]Jones Law Firm, P.C., Plaintiff-Appellant,
vJ Synergy Green, Inc., et al., Defendants-Respondents.

J Synergy Green, Inc., et al., Third-Party Plaintiffs-Respondents,
vJones Law Firm, P.C., et al., Third-Party Defendants-Appellants, Professional Arbitration And Mediation, LLC, et al., Third-Party Defendants.

Schlam Stone & Dolan LLP, New York (Angela Li of counsel), for appellants.
Law Offices of Judah Z. Cohen, Woodmere (Judah Z. Cohen of counsel), for respondents.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered March 29, 2024, which denied the motion of plaintiff/third-party defendant and third-party defendant Tanner Jones (together, appellants) to dismiss defendants' claims against them, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered July 26, 2024, which denied the motion of plaintiff' and third-party defendant Jones to reargue their motion to dismiss, unanimously dismissed, without costs, as taken from a nonappealable order.
The court properly concluded that the counterclaims and third-party complaint state causes of action for fraud (see generally Ambac Assur. Corp. v Countrywide Home Loans, Inc., 151 AD3d 83, 85 [1st Dept 2017], affd 31 NY3d 569 [2018]). Defendants' causes of action allege that at the time defendants signed an engagement agreement with plaintiff in 2021, plaintiff failed to disclose the close relationship its principal, third-party defendant Tanner Jones, had with the arbitration forum chosen to handle fee disputes, third-party defendant Professional Arbitration and Mediation LLC (PAM). Defendants allege that in the fee arbitration plaintiff instituted against them, they had no input in the selection of the arbitrator, third-party defendant David Treyster, Esq. After Treyster rendered a decision awarding plaintiff $118,796.04 without a hearing, defendants learned that Treyster had a prior relationship with Jones and had been represented by Jones, that Jones had an interest in PAM, and that plaintiff and PAM shared an address in New York. At this pleading stage, appellants have failed to establish that their misrepresentations or omissions were immaterial (see Roni LLC v Arfa, 74 AD3d 442, 445 [1st Dept 2010], affd 18 NY3d 846 [2011]; cf. Gaidon v Guardian Life Ins. Co. of Am., 94 NY2d 330, 350 [1999]).
Defendants also adequately allege damages, insofar as it can be inferred from the counterclaims that, had they known the truth about the relationship, they would not have hired plaintiff (cf. Connaughton v Chipotle Mexican Grill, Inc., 135 AD3d 535, 538 [1st Dept 2016], affd 29 NY3d 137 [2017]). We have considered and rejected appellants' argument that defendants' claims constitute breach of contract damages (cf. MaÑas v VMS Assoc., LLC, 53 AD3d 451, 454 [1st Dept 2008]).
Defendants also adequately alleged ascertainable damages in their malpractice claim by alleging that plaintiff's conduct with respect to actions in Nassau County and the Eastern District of New York, as well as in an earlier arbitration before JAMS, exposed them to fee-shifting and rendered them unable to prove damages, forcing them to settle the matters on unfavorable terms (see generally Dweck Law Firm v Mann, 283 AD2d 292, 293 [1st Dept 2001]). Whether plaintiff sought to remedy any defects in the arbitration is a question of fact not resolvable at this pleading stage.
Furthermore, defendants sufficiently alleged damages in their Judiciary Law § 487 claims (Amalfitano v Rosenberg, 12 NY3d 8, 13 [2009]; Garanin v Hiatt, 219 AD3d 958, 958-960 [2d Dept 2023]). A claim under Judiciary Law § 487 must be supported by an allegation of damages proximately caused by an alleged false statement to the court (Saporito v Branda, 213 AD3d 588, 589 [1st Dept 2023]). Defendants specifically allege that they suffered damages in the form of legal fees incurred while defending the Article 75 summary proceeding which plaintiff initiated under false pretenses to confirm the PAM arbitration award obtained through plaintiff's deceitful conduct (Amalfitano, 12 NY3d at 13; Garanin, 219 AD3d at 958-960).
Defendants' collateral estoppel arguments fall outside the scope of the orders appealed from and do not concern the adequacy of their pleadings. Finally, the order denying reargument is not reviewable, as it did not grant reargument or address the arguments on the merits (see Matter of Quinn, Emanuel, Urquhart & Sullivan, LLP v AVRA Surgical Robotics, Inc., 224 AD3d 557, 558 [1st Dept 2024]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 17, 2026