Matter of Lin v Sun

2026 NY Slip Op 02065

April 7, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Yuchen Lin, Appellant-Respondent, for the Judicial Dissolution of XS Franchise, L.L.C., a New York Limited Liability Company,

v

Xu Sun, Respondent-Appellant.

Decided and Entered: April 07, 2026

Index No. 654902/24|Appeal No. 6299|Case No. 2025-01402|

Before: Scarpulla, J.P., Friedman, Shulman, Rodriguez, Rosado, JJ.

Gajjar Law Firm, P.C., New York (Ripal J. Gajjar of counsel), for appellant-respondent.

Thomas H. Herndon, Jr., Law PLLC, New York (Thomas H. Herndon, Jr. of counsel), for respondent-appellant.

[*1]

Order, Supreme Court, New York County (Anar Rathod Patel, J.), entered on or about February 28, 2025, which granted the motion of respondent Xu Sun (respondent) to dismiss the petition and denied his application for attorneys' fees and costs, unanimously modified, on the law, to deny the motion insofar as the motion sought dismissal of the causes of action for breach of contract (fourth cause of action), unjust enrichment (fifth cause of action), and promissory estoppel (eighth cause of action), and otherwise affirmed, without costs.

On November 18, 2022, respondent entered into a franchise agreement with StretchLab Franchise, LLC to operate a fitness studio franchise. Under article 14.3 of the franchise agreement, respondent formed XS Franchise, L.L.C. and assigned his franchise rights to that entity. Petitioner, who managed the XS Franchise's StretchLab franchise location in Union Square, alleges that she acquired a 40% membership interest in the XS Franchise under an agreement with respondent, who purportedly owned the remaining 60% interest.

Supreme Court properly dismissed the causes of action for declaratory relief (the first cause of action), dissolution, liquidation, and appointment of a receiver in accordance with Limited Liability Company Law §§ 702 and 703 (the second cause of action), accounting (the third cause of action), and waste, mismanagement, and self-dealing (the eleventh cause of action), as the documentary evidence established that petitioner never acquired a membership interest in XS Franchise and therefore does not have standing to seek dissolution of it (see CPLR 3211[a][1]). Articles 14.1 and 14.2 of the franchise agreement between respondent and StretchLab set forth requirements for the admission of new members and the transfer of an ownership interest in the franchisee entity, and petitioner did not allege that she complied with any of those requirements. Similarly, article III(e)(2) of the XS Franchise's operating agreement requires that a transferee execute an instrument stating that it agrees to be bound by the agreement's terms and conditions, and petitioner did not allege that she executed any such instrument. In addition, Limited Liability Law § 702, by its terms, applies only to members of a limited liability company, and because petitioner has not demonstrated that she obtained membership in XS Franchise, she cannot maintain a claim under the statute.

Moreover, Supreme Court properly dismissed the cause of action for breach of fiduciary duty (the sixth cause of action), as the petition did not allege a fiduciary relationship between petitioner and respondent. Rather, petitioner alleged only a business relationship (see Roni LLC v Arfa, 74 AD3d 442, 444 [2010], affd 18 NY3d 846 [2011]).

[*2]

Petitioner's cause of action for breach of the implied covenant of good faith and fair dealing (the seventh cause of action) was also properly dismissed. The conduct underlying the breach of contract claim and the breach of the covenant of good faith and fair dealing claim is essentially identical, and both claims seek the same damages. Therefore, the latter claim is duplicative (see Salomon v Citigroup Inc., 123 AD3d 517, 518 [1st Dept 2014]).

The cause of action for conversion (the ninth cause of action) was also properly dismissed for failure to state a cause of action, as an interest in the XS Franchise and its profits do not constitute personal property(see Colavito v New York Organ Donor Network, Inc., 8 NY3d 43, 49-50 [2006]). Furthermore, Supreme Court properly dismissed the fraud claim as duplicative of the breach of contract claim, as the petition did not allege a legal duty owed to petitioner separate and apart from that arising under the alleged contract (see GoSmile Inc. v Levine, 81 AD3d 77, 81 [1st Dept 2010], lv dismissed 17 NY3d 782 [2011]; MBW Adv. Network v Century Bus. Credit Corp., 173 AD2d 306, 306-307 [1st Dept 1991]).

However, Supreme Court should not have dismissed the remaining causes of action. In the cause of action for breach of contract (the fourth cause of action), petitioner alleged the existence of a valid contract to transfer an interest in XS Franchise to her in exchange for her services and the payment of capital, her performance of those services and payment of capital, respondent's failure to transfer the interest, and resulting damages. These allegations are sufficient to state a cause of action for breach of contract (see Morris v 702 E. Fifth St. HDFC, 46 AD3d 478, 479 [1st Dept 2007]).

Petitioner also sufficiently stated a cause of action for unjust enrichment (the fifth cause of action) by alleging that respondent was enriched by petitioner's services and by the money she contributed to build up the XS Franchise, and that it is inequitable to permit him to retain the benefits without fairly compensating her (see Kiehl v Cavicchio, 238 AD3d 672, 674 [1st Dept 2025]).

Finally, petitioner sufficiently stated a cause of action for promissory estoppel, alleging that respondent promised to transfer to petitioner a 40% interest in XS Franchise, that she relied on that promise in rendering services and providing capital for the business, and that she suffered damages (see Braddock v Braddock, 60 AD3d 84, 95 [1st Dept 2009]).

The court providently exercised its discretion in declining to award respondent attorneys' fees and costs in accordance with 22 NYCRR 130-1.1, as the petition was not frivolous.

We have considered the remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 7, 2026