■ JEROME MERZON et al., Appellants, v ISAAC J. LEFKOWITZ et al., Respondents, et al., Defendant. [735 NYS2d 106] —Order, Supreme Court, New York County (Charles Ramos, J.), entered April 10, 2000, which granted the motion of defendants Lefkowitz and 32 White Street Associates for summary judgment dismissing the complaint as against them, unanimously modified, on the law, the motion denied as to the first and second causes and those causes reinstated, and otherwise affirmed, without costs.

Plaintiffs entered into a written agreement with defendant Lefkowitz to sell their interests in two adjoining parcels at 2 and 20 Avenue of the Americas in Tribeca in Manhattan on the shared expectation that Lefkowitz would be able to facilitate a condominium development at the site from which all parties would benefit. As part of this undertaking, plaintiffs were entitled to an additional $400,000 payment if the contemplated development occurred and the resulting condominium units were sold at a stated minimum amount. Plaintiff Marson was further promised that the parties would use their "best efforts" to have the lenders providing financing for the construction and development of this project accept him as the architect for the condominiums. Lefkowitz also promised to have any subsequent purchasers bound by the additional payment and best efforts clauses. Subsequently, Lefkowitz sold the parcels for the purpose of building a hotel and this action was commenced, as against Lefkowitz and his wholly owned company, on the grounds that abandonment of the condominium project in favor of a sale for use as a hotel was in violation of the implied covenant of good faith and fair dealing. The IAS court granted summary judgment on behalf of Lefkowitz and his company, finding that the potential payment to plaintiffs and the hiring of plaintiff Marson as architect were explicitly conditioned on the development of a condominium project, that the agreement clearly contemplated the non-fulfillment of such condition and that such condition had not in fact happened.

Plaintiffs' causes of action for breach of the implied covenant of good faith and breach of the transfer restriction should not have been dismissed. Lefkowitz cannot rely on the non-occurrence of a condition precedent if, as plaintiffs allege, he was instrumental in preventing or frustrating its occurrence (*A.H.A. Gen. Constr. v New York City Hous. Auth.*, 92 NY2d 20, 31; *see also, Long Is. Sav. Bank v Geloda/Briarwood Corp.*, 190 AD2d 64). Given the factual disputes regarding the economic feasibility of the condominium project, the cost of acquisition financing and its debt service, and the haste with which Lefkowitz acted to find a purchaser who was interested in developing a hotel on the site, triable issues of fact arise regarding why the condominium project was abandoned and whether Lefkowitz acted in good faith in engineering the outcome. Dismissal of plaintiffs' fourth cause of action in fraud was proper since the fraud alleged was merely duplicative of the contract claims (*Makastchian v Oxford Health Plans*, 270 AD2d 25, 27). Concur—Rosenberger, J. P., Williams, Mazzarelli, Rubin and Buckley, JJ.