■ THOMAS ZAKRZEWSKI, Appellant, v LUXOFT USA, INC., Respondent. [58 NYS3d 310]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered on or about August 18, 2016, which, to the extent appealed from as limited by the briefs, granted defendant's motion to dismiss the breach of contract, breach of the covenant of good faith and fair dealing, promissory estoppel, and negligent misrepresentation claims, unanimously modified, on the law, to deny the motion as to the breach of contract claim with respect to severance pay and the breach of implied covenant and fair dealing claim, and otherwise affirmed, without costs.

Plaintiff alleges that he was hired by defendant in January 2013 pursuant to terms set forth in a written offer of employment and other written agreements, which specified that his employment would be at-will and subject to three months' notice of termination and that his compensation would include an annual bonus of at least $50,000 and the opportunity to earn up to $250,000 of stock in defendant's holding company if defendant acquired plaintiff's former employer and plaintiff met performance goals to be set by defendant. Plaintiff's employment was terminated in July 2014, without prior notice.

The allegations of breach of contract with respect to a 2014 bonus are based on promises by defendant that are "too indefinite to permit enforcement" (see De Madariaga v Union Bancaire Privée, 103 AD3d 591, 591 [1st Dept 2013], lv denied 21 NY3d 854 [2013], quoting Glanzer v Keilin & Bloom, 281 AD2d 371, 372 [1st Dept 2001]). Plaintiff's entitlement to the bonus was "based on execution of relevant [key performance indicators] determined annually in accordance with the current Company policies," and the complaint does not allege that those goals were determined and "execut[ed]."

The allegations of breach of contract with respect to severance pay state a cause of action and are not conclusively refuted by the documentary evidence. The complaint alleges that defendant's CEO, acting with authority, offered plaintiff three months' notice prior to termination, that plaintiff accepted that term, and that he was then terminated without

proper notice. The complaint properly seeks three months' salary as severance pay or damages for the failure to comply with a notice of termination provision (*see De Graffenreidt v Neighborhood Health Ctr. of Provident Clinical Socy.*, 42 AD2d 773 [2d Dept 1973]; *David Birnbaum LLC/Rare 1 v Park*, 2013 NY Slip Op 33372[U], *17-18 [Sup Ct, NY County 2013]).

The complaint states a cause of action for breach of the implied covenant of good faith and fair dealing (*see 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 153 [2002]). It alleges that defendant's representative, acting with authority, sent plaintiff a letter offering him employment, with an email saying that plaintiff would have the ability to earn up to $250,000 worth of defendant's restricted stock, pending defendant's acquisition of plaintiff's former employer and provided that plaintiff met certain goals; it further alleges that defendant failed to set goals. Based upon the language of the email, a reasonable person in plaintiff's position would be justified in understanding that defendant was obligated to set goals for plaintiff to enable him to receive the "fruits" of the offer (*see 511 W. 232nd Owners Corp.*, 98 NY2d at 153 [internal quotation marks omitted]). Defendant's alleged failure to set goals "ha[d] the effect of destroying or injuring [plaintiff's] right" to earn the stock (*see id.* [internal quotation marks omitted]; *see e.g. Pleiades Publ., Inc. v Springer Science + Bus. Media LLC*, 117 AD3d 636 [1st Dept 2014]; *Merzon v Lefkowitz*, 289 AD2d 142 [1st Dept 2001]).

The promissory estoppel and negligent misrepresentation claims were correctly dismissed since plaintiff does not allege a duty independent of the employment agreement (*see Vista Food Exch., Inc. v BenefitMall*, 138 AD3d 535, 537 [1st Dept 2016] [negligent misrepresentation], *lv denied* 28 NY3d 902 [2016]). Concur—Tom, J.P., Renwick, Manzanet-Daniels and Kapnick, JJ.