Black Quarry Millwork, LLC v Sandy Littman Realty Corp. (2023 NY Slip Op 06589)

Black Quarry Millwork, LLC v Sandy Littman Realty Corp.

2023 NY Slip Op 06589

Decided on December 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 21, 2023

Before: Kapnick, J.P., Webber, Singh, Moulton, Scarpulla, JJ. 

Index No. 153243/22 Appeal No. 1127-1128 Case No. 2022-05354, 2023-03040 

[*1]Black Quarry Millwork, LLC, Plaintiff-Respondent,
v
Sandy Littman Realty Corp., Defendant-Appellant. 

Rosenberg & Estis, P.C., New York (Alexander M. Estis of counsel), for appellant.
Smith, Buss & Jacobs, LLP, Yonkers (John J. Malley of counsel), for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered November 2, 2022, which denied defendant landlord's motion to dismiss plaintiff tenant's complaint, and order, same court and Justice, entered April 12, 2023, which, to the extent appealed from as limited by the briefs, denied defendant landlord's motion for summary judgment on its counterclaims, unanimously affirmed, without costs.
Tenant asserts that its business requires a functional fire sprinkler system. It is undisputed that in August 2021, the City of Newburgh discontinued fire water supply services to the premises at issue, stating in a letter that the discontinuance was due to deficiencies in the water supply system. Tenant alleges that it asked landlord to remedy these deficiencies and landlord said that doing so was the responsibility of the owner of a neighboring property. Since then, tenant has attempted to mitigate its fire risk by either reducing its usage of the premises or by incurring additional expenses. The parties agree that tenant has not paid rent since January 2022.
Tenant sought a declaratory judgment that it is not in breach of the lease. Landlord asserted counterclaims for unpaid rent, attorneys' fees, and use and occupancy. Tenant interposed an affirmative defense of partial constructive eviction. In response to landlord's motion for summary judgment on its counterclaims, tenant's principal attests that the inadequate supply of water has rendered parts of the premises unusable, forcing tenant to abandon those parts. Supreme Court granted landlord's motion only to the extent of vacating a prior Yellowstone injunction and awarding summary judgment on landlord's counterclaim, based on tenant's failure to comply with a prior order to post a bond or pay use and occupancy.
The affidavit of tenant's principal creates an issue of fact as to partial constructive eviction, which would abate tenant's responsibility to pay rent (see Minjak Co. v Randolph, 140 AD2d 245, 248 [1st Dept 1988]["a tenant may assert as a defense to the nonpayment of rent the doctrine of constructive eviction, even if he or she has abandoned only a portion of the demised premises due to the landlord's acts in making that portion of the premises unusable by the tenant"]; Johnson v Cabrera, 246 AD2d 578, 579 [2d Dept 1998][finding a constructive eviction where "the loss of heat and water substantially and materially deprived the tenant of the beneficial use and enjoyment of the premises"]). There are issues of fact as to the extent of any such eviction, as well as to landlord's responsibility for the water shortage. Thus, Supreme Court properly denied landlord's motion to dismiss tenant's claim for a declaratory judgment and motion for summary judgment on landlord's counterclaims.
Tenant also claims that landlord breached its obligations under article 35  the covenant of quiet enjoyment  and article 36, which obligates the landlord to deliver possession of the premises free of orders[*2], restrictions, and decrees. The nature and extent of landlord's obligations under the lease are unclear. While articles 11, 12, and 19 of the lease indicate that tenant is responsible for maintenance of the premises and damages to its business or property, article 12 provides that landlord is responsible for major repairs and replacements, including to plumbing systems. Landlord did not conclusively demonstrate entitlement to dismissal of the breach of lease claim, as the lease is ambiguous as to its obligations to remediate the condition and thus whether it breached articles 35 and 36 of the lease by failing to address the fire water supply issue (see Koretz v 363 E. 76th St. Corp., 178 AD3d 445, 446 [1st Dept 2019]).
Plaintiff also adequately pleaded a breach of the covenant of good faith and fair dealing which is implied in all contracts (511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 153 [2002]). While this duty does not imply obligations inconsistent with other terms of the contractual relationship, it does encompass any promises that a reasonable person in the position of the promisee would be justified in understanding was included (id.). Plaintiff alleges that defendant's conduct undermined its reasonable expectation that it could profit from and enjoy the benefits of the lease, after it had invested in retrofitting the property. Moreover, the allegations are based on different conduct and categories of damages as those alleged in the breach of contract claim, and therefore are not duplicative (see East Ramapo Cent. Sch. Dist. v New York Schs. Ins. Reciprocal, 199 AD3d 881, 885 [2d Dept 2021]).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 21, 2023