Avrahami v 235 W. 108th St. Owners Corp. (2025 NY Slip Op 02126)

Avrahami v 235 W. 108th St. Owners Corp.

2025 NY Slip Op 02126

Decided on April 10, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 10, 2025

Before: Manzanet-Daniels, J.P., González, Scarpulla, Shulman, Higgitt, JJ. 

Index No. 161297/17|Appeal No. 3104|Case No. 2023-04033|

[*1]Ram Avrahami et al., Plaintiffs-Appellants,
v
235 West 108th Street Owners Corporation, Defendant-Respondent.

Ram Avrahami, appellant pro se.
Sher Tremonte, LLP, New York (Justin J. Gunnell of counsel), for Andrea Gural, appellant.
Boyd Richards Parker & Colonnelli, P.L., New York (Nicholas P. Iannuzzi of counsel), for respondent.

Order, Supreme Court, New York County (Alexander M. Tisch, J.), entered July 17, 2023, which denied plaintiffs' motion for summary judgment and granted defendant's motion for summary judgment dismissing the claims in the amended complaint and awarding judgment as to liability on its counterclaim for attorneys' fees, unanimously modified, on the law, to the extent of dismissing the counterclaim for attorneys' fees, and otherwise affirmed, without costs.
Plaintiffs' claims for declaratory relief and damages based on defendant cooperative apartment corporation's refusal to permit plaintiffs to reinstall a "Jacuzzi"-like whirlpool tub after the tub began sinking due to water leaks emanating from plaintiffs' master bathroom were properly dismissed. The cooperative was properly awarded summary judgment in its favor as to liability on its counterclaim for attorneys' fees. While the business judgment rule "does not shield cooperatives from liability for breaches of contract" (Goldstone v Gracie Terrace Apt. Corp., 110 AD3d 101, 105 [1st Dept 2013]), neither the "as is" clause of the proprietary lease, the covenant of quiet enjoyment, nor the implied covenant of good faith and fair dealing can overcome the cooperative's express right under paragraphs 16(d) and 19(b) of the proprietary lease to manage the installation and removal of appliances and fixtures that are damaging the building (see Black Quarry Millwork, LLC v Sandy Littman Realty Corp., 222 AD3d 548, 550 [1st Dept 2023]; see also Jackson v Westminster House Owners Inc., 24 AD3d 249, 250 [1st Dept 2005], lv denied 7 NY3d 704 [2006]; Konrad v 136 E. 64th St. Corp., 254 AD2d 110 [1st Dept 1998], lv dismissed 92 NY2d 1042 [1999]).
The absence of an express rule prohibiting this style tub is not controlling. Paragraph 16(d) permits the cooperative to demand removal of an appliance that is causing damage to the building "in the Lessor's sole judgment." Paragraph 19(b) expressly states that if a shareholder removes a fixture, it must repair the damage caused thereby and either restore or "replace them with others of a kind and quality customary in the Building and satisfactory to the Lessor." Contrary to plaintiffs' contention, they had no vested right in using the Jacuzzi tub once it began sinking as a result of the leaks, as the no waiver provision of the proprietary lease specifically precludes plaintiffs' reliance on the cooperative's failure to object at any point sooner (see e.g. Horwitz v 1025 Fifth Ave., Inc., 7 AD3d 461, 462 [1st Dept 2004]).
The breach of contract claim and request for a declaratory judgment declaring that plaintiffs have the right to install the Jacuzzi tub were properly dismissed. While the claims are not duplicative, plaintiffs have failed to establish that the proprietary lease permits their continued use of the tub in the circumstances here. Because the cooperative's counterclaim for declaratory relief remains pending, the scope of any counter-declaration should be [*2]determined by the motion court in the first instance.
The breach of fiduciary duty claim was properly dismissed under the business judgment rule (see Goldstone v Gracie Terrace Apt. Corp., 110 AD3d at 106). Plaintiffs' arguments — that they were treated differently than other shareholders who were permitted to install hot tubs in their apartments and that the board acted arbitrarily and capriciously in refusing to allow plaintiffs to reinstall theirs — are unavailing. The undisputed facts show that plaintiffs' tub was damaging the building, there was no evidence that the other tubs were causing damage, and the board was acting for a business-related purpose under the terms of the proprietary lease in requiring plaintiffs to install a standard tub (see Konrad v 136 E. 64th St. Corp., 254 AD2d 110). In addition, plaintiffs sued the cooperative corporation rather than any individual board member, further warranting dismissal of the claim (see Kleinerman v 245 E. 87 Tenants Corp., 105 AD3d 492, 493 [1st Dept 2013]).
The negligent misrepresentation claim was properly dismissed because plaintiffs fail to identify any specific misrepresentation — or intentional withholding of information that the cooperative should have disclosed to plaintiffs — in order to establish the elements of this claim (see J.A.O. Acquisition Corp. v Stavitsky, 8 NY3d 144, 148 [2007]).
The court improperly granted summary judgment as to liability on the cooperative's counterclaim for attorneys' fees. Although attorneys' fees may be awarded to the cooperative under paragraph 26 of the proprietary lease for "defending, or asserting a counterclaim in, any action or proceeding brought by the Lessee," a prerequisite to such an award is that the lessee be in default, which is not the case here (see Dupuis v 424 E. 77th Owners Corp., 32 AD3d 720, 722 [1st Dept 2006]; Mogulescu v 255 W 98th St. Owners Corp., 135 AD2d 32, 40-41 [1st Dept 1988]). The cooperative's remaining counterclaim against plaintiffs seeks declaratory relief declaring that plaintiffs are not entitled to install or reinstall the tub. The cooperative does not allege that plaintiffs are in default and it is undisputed that plaintiffs removed the tub and have not reinstalled it.
The Decision and Order of this Court entered herein on November 26, 2024 is hereby recalled and vacated (see M-6420 decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 10, 2025