URP Maiden Lane LLC v Valley Natl. Bank (2025 NY Slip Op 06836)

URP Maiden Lane LLC v Valley Natl. Bank

2025 NY Slip Op 06836

Decided on December 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 09, 2025

Before: Moulton, J.P., Kapnick, Mendez, Shulman, Hagler, JJ. 

Index No. 655242/23|Appeal No. 5303|Case No. 2024-05459|

[*1]URP Maiden Lane LLC, Plaintiff-Respondent,
vValley National Bank, et al., Defendants-Appellants.

Zeichner Ellman & Krause LLP, New York (Bryan D. Leinbach and Yevgeniy Katz of counsel), for appellants.
Feuerstein Kulick LLP, New York (Seth Fiur of counsel), for respondent.

Order, Supreme Court, New York County (Louis L. Nock, J.), entered on or about August 9, 2024, which, to the extent appealed from, denied defendants' motion to dismiss the complaint and granted plaintiff's motion for a preliminary injunction, unanimously modified, on the law, to grant defendants' motion to dismiss the unjust enrichment cause of action, and the matter remanded to set an undertaking for the preliminary injunction, and otherwise affirmed, without costs.
Defendants had been involved in several lawsuits against borrowers with respect to loans they sought to enforce. While those lawsuits were pending, plaintiff entered into a loan purchase and sale agreement (LPSA), whereby plaintiff agreed to purchase the loans from defendants, with the expectation that, once plaintiff acquired the loans, plaintiff would be substituted as a party in those actions. The loans consist of a collection of five mortgages which are secured by property located at 161 Maiden Lane in Manhattan. Among other things, the LPSA required defendants to prosecute these lawsuits with "reasonable diligence."
The court properly denied defendants' motion to the extent it sought to dismiss the breach of contract cause of action (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]). Plaintiff adequately alleged that defendants breached the LPSA during a mediation conference with borrowers by, among other things, informing the borrowers that plaintiff intended to quickly settle one of the actions and would agree to unfavorable settlement terms. Defendants also misrepresented the buyer's identity under the LPSA, creating the impression that there were deep pockets available for settlement. Contrary to defendants' contention, plaintiff adequately alleged damages.
Plaintiff also adequately alleged that defendants breached the implied covenant of good faith and fair dealing. The complaint alleges that defendants' conduct undermined plaintiff's reasonable expectation that defendants would apprise it of information necessary to allow it to assess whether the LPSA had been breached and that defendants would not take steps to hinder plaintiff's ability to receive the fruits of the agreement (see Black Quarry Millwork, LLC v Sandy Littman Realty Corp., 222 AD3d 548, 550 [1st Dept 2023]; Zakrzewski v Luxoft USA, Inc., 151 AD3d 573, 574 [1st Dept 2017]). The cause of action was not duplicative of the breach of contract cause of action because it alleged conduct separate from the breach of contract claim and, in any event, was pleaded in the alternative (see Botbol v Frosch Intl. Travel Inc., 222 AD3d 471, 472 [1st Dept 2023]).
However, the court should have dismissed plaintiff's unjust enrichment cause of action. The parties do not dispute the existence of a contract, the LPSA, which governs the matter in dispute (see IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 142 [2009]). The $6 million in deposits that plaintiff made to defendants to extend the closing were made pursuant to the LPSA and were non-refundable. Thus, plaintiff has not adequately alleged an unjust enrichment cause of action because the claim is based on the same factual allegations as the breach of contract cause of action. As for plaintiff's motion seeking a preliminary injunction, the court providently exercised its discretion in granting a preliminary injunction, as plaintiff demonstrated a likelihood of success on the merits, irreparable injury if a preliminary injunction were not granted, and that the balance of the equities weighed in its favor (see Pamela Equities Corp. v 270 Park Ave. CafÉ Corp., 62 AD3d 620 [1st Dept 2009]). However, plaintiff should have been required to post an undertaking (see Rourke Devs. v Cottrell-Hajeck, Inc., 285 AD2d 805 [3d Dept 2001]). Accordingly, we remand to the court for the imposition of an undertaking (see Suttongate Holdings Ltd. v Laconm Mgt. N.V., 159 AD3d 514, 515 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 9, 2025